**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ABBY ROBINSON,** *et al.*                                                                 **PLAINTIFFS**

**v.**                                                                                    **No. 3:25-cv-976-KHJ-BWR**

**STATE BAR OF MISSISSIPPI FOUNDATION,** *et al.*                          **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF DEFENDANT MISSISSIPPI BAR FOUNDATION'S MOTION FOR MORE DEFINITE STATEMENT OR, ALTERNATIVELY, TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs Abby Robinson and Vanessa Jones have apparently sued three employees of the Mississippi Bar, the "State Bar of Mississippi General Counsel", a Mississippi circuit court judge, and the Mississippi Bar Foundation, Inc. Beyond that, the Foundation cannot decipher the nature of the dispute discussed in the Complaint or the Foundation's role in that dispute. Further complicating matters, Plaintiffs wrote the Complaint as a brief, without any numbered paragraphs, making impossible the Foundation's ability to admit or deny specific allegations. Plaintiffs mention claims under the Racketeer Influenced and Corrupt Organizations Act, 18. U.S.C. § 1961 but fail to attach a Local Uniform Civil Rule 83.8 RICO Statement. For these reasons, the Court should require Plaintiffs to serve a more definite statement of their Complaint.

Alternatively, the Court should dismiss the claims against the Foundation because the Complaint fails to state a claim against the Foundation upon which this Court can grant relief.

**FACTS**

A. Plaintiffs

Plaintiffs Robinson and Jones once practiced law in Jackson and Hattiesburg, respectively. Plaintiffs were involved in disciplinary proceedings concerning their licenses to practice, although the Complaint lacks clarity on the timing or results of those proceedings.

B. The Mississippi Bar

The Mississippi Legislature created the Mississippi Bar (*see* Miss. Code Ann. § 73-3-101) and made all persons admitted to practice law in Mississippi members of the Mississippi Bar (*see id.* at § 73-3-103). The Legislature also made all attorneys admitted to practice in Mississippi subject to discipline by the Mississippi Supreme Court and disciplinary agencies created by the legislature, including the complaint tribunals appointed by the Mississippi Supreme Court. *See* §§ 73-3-301; -303). The Rules of Discipline of the Mississippi Bar (*see* Exhibit 4 to the Complaint) reflect the disciplinary role of the Mississippi Bar (as contrasted with the Mississippi Bar Foundation) in the process of resolving complaints of attorney misconduct.

C. The Mississippi Bar Foundation, Inc.

The Foundation, a private Mississippi non-profit corporation, operates "exclusively for charitable, scientific, literary and/or educational purposes" with the particular focus, among other things, of improving the administration of justice, providing legal aid to the poor, and offering law-related education programs to the public. *See* Resolution Amending Charter of Incorporation (Ex. "1" to Mtn.).[1] The Foundation supports its charitable endeavors from funds generated by the Interest on Lawyer's Trust Accounts (IOLTA) program. *Id.* Importantly, the Foundation plays no role in the discipline of attorneys under the authority granted by the Mississippi legislature and approved by the Mississippi Supreme Court.

---

[1] The Resolution amending the Foundation's Charter of Incorporation is a public record available from the Office of the Mississippi Secretary of State. *See Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) (holding that courts may take judicial notice of public records on Mississippi Secretary of State's website).

D.  The Complaint

Plaintiffs' Complaint contains no numbered paragraphs or specific factual allegations about the Foundation. Plaintiffs apparently take issue with some disciplinary actions of the Mississippi Bar and its employees and perhaps with some action by Circuit Judge Peterson. The Complaint references RICO (*see* pp. 7 and 11) but does include RICO in the "Cause of Action" section (*see* pp. 21-22). Plaintiffs also fail to attach the RICO Statement required by Local Uniform Civil Rule 83.8.

## STANDARD OF REVIEW

A Rule 12(e) motion for a more definite statement "is proper when a pleading is 'so vague or ambiguous that [the defendant] cannot reasonably prepare a response.' Fed. R. Civ. P. 12(e)." *Baptist Homes, Inc. v. City of Madison*, 3:24cv92, 2024 U.S. Dist. LEXIS 180286, *8 (S.D. Miss. October 24, 2024). "A court should only grant a motion for a more definite statement when the complaint is so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Id.* (citing *Omkar, LLC v. AmGUARD Ins. Co.*, 624 F. Supp. 3d 646, 650 (E.D. La. 2022). "Normally . . . the basis for requiring a more definite statement under Rule 12(e) is unintelligibility, not mere lack of detail" and the "rule is not 'a judicial demand for fact pleading'; it is, instead, 'the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently and the court to handle the litigation effectively.'" *Webb v. Se. Grocers, Inc.*, 3:21cv753, 2022 U.S. Dist. LEXIS 93662, **2-3 (S.D. Miss. May 25, 2022) (citations omitted). A Complaint that contains a "bare bones" allegation of a wrong but lacks any facts "giving rise to the injury does not provide adequate notice. *Ricklin-Voronstova v. Crider*, 1:22cv333, 2023 U.S. Dist. LEXIS 120382, *2 (S.D. Miss. July 13, 2023) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for failure to state a claim upon which relief may be granted:

> To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.

*In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (internal quotations and cites omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]–that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## ARGUMENT

### 1. The Foundation cannot respond to Plaintiffs' incoherent Complaint.

A Complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b). Plaintiff's Complaint fails on both counts and meets the definition of an improper "shot gun" pleading. *See Crihfield v. Bellsouth Telecomms., LLC*, 1:24cv377, 2025 U.S. Dist. LEXIS

51243, *10 (S.D. Miss. March 20, 2025) ("Vague, imprecise 'shotgun' pleadings cloud the legal and factual issues in a case". (citation omitted)).

As this Court recognized in *DeSoto Grp., LLC v. Linetec Servs., LLC*, the circumstances of each case determine satisfaction of these pleading rules. 339 F.R.D. 249, 251 (S.D. Miss 2021). However, "pleadings with 'excess verbiage and irrelevant, repetitious, unintelligible allegations' do not comply with" Rule 8. *Id.* (citing *Jumonville v. Dep't of Treasury*, 50 F.3d 1033, 1995 WL 136507, at *2 (5th Cir. 1995). "Such pleadings also violate Rule 10(b) if the theory and basis of counts are not distinguishable or if it is difficult to discern the legal claims asserted." *Id.* (citing opinions dismissing claims or finding violations of Rule 10 where (i) several claims are laid out in one count, (ii) complaint was "unduly lengthy" and failed to put defendant on notice as to claims asserted against it, (iii) complaint made no effort to identify "which facts are relevant to which claims" and it is unclear if "facts exist which would support elements"). Plaintiffs' Complaint checks all these boxes.

Plaintiffs' Complaint contains roughly twenty unnumbered substantive paragraphs, with some running more than three pages. The paragraphs have no order in time or in subject. Many of the paragraphs make legal arguments with no facts stated. Plaintiffs' claims appear to flow from attorney disciplinary proceedings, but the Foundation plays no role in the attorney discipline process. Rather, that authority is vested by law in the Mississippi Supreme Court, the Mississippi Bar, and complaint tribunals appointed by the Supreme Court. *See* Miss. Code Ann. § 73-3-301; -303.  If Plaintiffs have some factual allegation which connects the Foundation, a non-profit charitable organization, to the discipline process, they should state those facts clearly.[2]

---

[2] The Foundation specifically reserves its rights under Fed. R. Civ. P. 11.

Separately, Plaintiffs' Complaint references RICO Claims. *See* Complaint [Doc. 1] at pp. 7 and 11. However, Plaintiffs do not clearly make a claim under RICO and omit any citation to RICO in their "Cause of Action" section. *Id.* at pp. 21-22. If Plaintiffs intend to pursue a RICO claim, they must comply with Local Uniform Civil Rule 83.8 by providing a RICO statement with certain required information "in detail and with specificity."

For all these reasons, this Court should require Plaintiffs to provide a more definite statement in their Complaint complying with the Federal Rules of Civil Procedure.

### 2. *Alternatively, the Court should dismiss the claims against the Foundation.*

For the same reasons Plaintiffs' Complaint requires a more definite statement, this Court should dismiss the claims against the Foundation. *See Crihfield*, 2025 U.S. Dist. LEXIS 51243, *10 ("A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides insufficient notice to enable it to file answer)." (citation omitted)). Plaintiffs' Complaint does not specify the Foundation's role in the disciplinary process (it has none), does not suggest any actions any individuals took on behalf of the Foundation (they took none), and does not identify any duty the Foundation owed to Plaintiffs (it owed none). This Court should dismiss the claims against the Foundation.

## CONCLUSION

Plaintiffs have an obligation to provide the Foundation with sufficient information in the Complaint to permit the Foundation to understand the allegations underlying the claims against it. They have failed to do so. This Court should require Plaintiffs to provide a more definite statement or dismiss the claims against the Foundation.

THIS, the 12th day of January 2026.

       Respectfully submitted,

       **MISSISSIPPI BAR FOUNDATION, INC.**

       */s/ J. Cal Mayo, Jr.*
       J. CAL MAYO, JR. (MB NO. 8492)
       PAUL B. WATKINS, JR. (MB NO. 102348)
       *Attorneys for Mississippi Bar Foundation, Inc.*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*