# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**ABBY ROBINSON, individually,**                                                **PLAINTIFFS**
**ABBY ROBINSON & ASSC.**
**LAW FIRM PLLC, VANESSA JONES, individually,**
**VANESSA J JONES & ASSOCIATES LLC,**
And on behalf of all others similarly situated

Versus                                                              CASE NO.**25-976**

**STATE BAR OF MISSISSIPPI FOUNDATION**                        **DEFENDANTS**
**STATE BAR OF MISSISSIPPI OFFICE OF**
**GENERAL COUNSEL,**
**JEREMY LUKE BIRDSALL, individually and in his official capacity**
**MELISSA SELMA SCOTT, individually and in her official capacity,**
**KATHRYN LITTRELL individually and in her official capacity**
**Honorable Judge Faye Peterson (Declaratory Judgment Only)**
**John and/or Jane Doe**
**John Doe Company[s]**

_____

**PLAINTIFFS MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION TO STATE DEFENDANTS, The State Bar of Mississippi Office of General Counsel, Jeremy Luke Birdsall, Melissa Selma Scott, and Kathyrn Littrell (collectively the "State Defendants") JOINT MOTION EXTENSION OF TIME AND PURSUANT TO U.S. 14TH AMENDMENT DUE PROCESS AND THE EQUAL PROTECTION CLAUSE, and F.R.C.P. 12(b)(1)(A) RESPONSE TO**

**DOC.[14]**

_____

**COMES NOW**, Plaintiffs in accordance to the U.S. 14TH Amendment of Due Process and Equal Protection Clause and files this response in opposition to the State of Mississippi Defendants as captured above motion for an extension of time to file an answer to the complaint, Doc.[14]. Consequently, and in the pursuit of law and facts, the State of Mississippi Defendants have filed the answer to the complaint at Doc.[17] on January 12, 2025 and the document is titled "Answer and affirmative defenses of state defendants State Bar of Mississippi Office of General Counsel, Jeremy Luke Birdsall, Melissa Selma Scott, and Kathryn Littrell (collectively the "State Defendants"). Therefore, although Plaintiffs are filing their response timely as to the extension of time for the State Defendants, this response appears to be **MOOT.** It follows in the interest of law and facts to this matter, plaintiffs demonstrates that these defendants Doc.[17] motion for an extension of time should be denied because: [a] their paragraph one shows their admittance that all were served timely and their knowledge of the court system due date was 01/12/26.

Moreover, plaintiff contends that all defendants had in their possession at all times relevant to the Miss. Ann. Code 11-46-1 Notice of Claims all defendants were properly served on July 7, 2025 an estimated [6] months of actual knowledge of the intent to sue.

[b]. Defendants paragraph two seem to suggest that the national holidays in Decemeber made proper response to the lawsuit impeding. However, that cannot be true since they knew with the intent to sue notice since July 7, 2025 and had at least six months to prepare for the properly filed complaint. Please see exhibits of this case.

1. [c]. The defendant of Doc.[17] tells the court that plaintiffs oppose the motion but fail to tell the court of the reason being that all defendants had proper notice of claims since July 7, 2025 and that plaintiffs will be severely prejudiced economically as well as physical and emotional harm due to the unlawful conduct of defendants.

[d]. At paragraph six doc.[14], Defendants use the words good faith but does not include any such good faith nor law to support granting the motion that prejudices plaintiffs, nor does defendants address to the court that plaintiffs will not be prejudice with the delay of time to answer. Instead, Defendants just again uses the words "plaintiffs will suffer no prejudice." And the motion is in good faith.    Plaintiff

proclaims that if defendants life and liberty is violated by government officials whom has a sworn oath to protect the U.S. Constitution, they would declare that they would be prejudiced as well especially since the defendants had the notice of claims since July 7, 2025; there is no good faith and certainly plenty of prejudice against plaintiffs.

[e]. The State Defendants at doc.[14] importantly failed to include any law or U.S.C. Statue that would give the court authority to grant a motion for an extension of time. Here again, it as though these defendant, similarly to the Bar Foundation Defendants essentially, Doc.[14] appear to be requesting that this court forget the U.S. Constitution of Equal Treatment when they create their own thoughts, law and local rules by saying "defendants ask the court to relieve them from filing a separate memorandum brief." As such, these defendants also does not file any memorandum of law for a motion for extension of time.

The law is provided first in order to ensure each element of the law for an extension of time is established.[1] And the same law will be shown in the memorandum to follow.

2. **The law of extension of time holds:** F.R.C.P. 12(b)(1)(A) provides that, "For good causae," a court may extend a deadline before the original deadline or

---

[1] The memorandum will be similarly if not identical to this response but aligns with the rules.

its extension expires. A party seeking an after the fact extension, however, bears the heavier burden of demonstrating good cause."Relevant factors to the excusable neglect inquiry by the court include: [1] danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether the movant acted in good faith. " **_Adams v. Travelers Indem. Co._** of Connecticut, 465 F.3d 156, 161 n. 8 **(5th Cir. 2006)** (internal quotation marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to granny any motion to extend time under Rule 6(b)." **_McCarty v. Thaler,_** 376 Fed-Appx. 442, 443-44 (5th Cir. 2010) (Citing **_Lujan v. Nat'l Wildlife Fed'n,_** 497 U.S. 871, 894-98, 110 S.Ct. 3177, 111 Ed.2d 695 (1990)). **_Rashid v. Delta State Univ.,_** 4:14-CV-00053-DMB, (N.D. Miss.2015).

3. **The analysis shows that Doc.** [11], Defendants motion does not show any "good cause, nor excusable neglect facts or even nor law" that meets the minimal requirements provided in law. At a glance at the document has no law to give the court authority to grant the motion, and even if somehow an attempt is made to correct the same, that might violate some of the very rights plaintiffs are complaining about. Moreover, defendants reasoning says they just got retained, that is not good cause since there exist nearly twenty

lawyers that should have reviewed the intent to sue letter back in July or forward. Plaintiff will be severely prejudiced by any delay in this matter because of the prosecutorial misconduct of defendants, plaintiffs have their way to make a living and the life of their property and liberty at issue and within days of the date to answer. Defendants knows of this prejudice since they are the ones that violated their sworn oath to keep the U.S. CONSTITUTION AND ITS AMENDMENTS.

4. **Defendant has known of this law suit since July 7, 2025, nearly 6 months ago.** And so there is no surprise to the lawful document. Please see ex. [7]. The notice of claims, intent to sue letter to MS Bar Foundation et. al.

5. Therefore, plaintiffs respectfully and lawfully ask the court to please consider the delicateness of the claims in suit which are all time concern for plaintiffs life and liberty under the 14th and Equal Protection Clause of the United States Constitution. Thereby <u>**deny the motion for extension of time**</u> for the foregoing reasons, and this response is in order that the court's docket reflects the response even though the motion doc.[14] appears to be moot because these defendants have since answered the suit at doc.[17].

**Respectfully Filed January 13, 2025**

**Abby Robinson Pro Se,**

**P.O. BOX 14**

**Jackson, MS 39205**

**CERTIFICATE OF SERVICE**

The undersigned has filed the foregoing document with the clerk of court whom has distributed copies to all parties involved.

This the 13th day of January 2025

**Abby Robinson Pro Se,**

**P.O. BOX 14**

**Jackson, MS 39205**

**Vanessa J. Jones**

State Defendants,

The Mississippi Bar Counsel,

Jeremy Luke Birdsall,

Melissa Selma Scott,

Kathryn Littrell

6.