UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY ROBINSON, et al.                                                                                    PLAINTIFFS

V.                                                                  CIVIL ACTION NO. 3:25-CV-976-KHJ-BWR

STATE BAR OF MISSISSIPPI, et al.                                                                   DEFENDANTS

ORDER

Before the Court are three motions: the State Bar of Mississippi Foundation's ("the Foundation") [15] Motion for More Definite Statement, Plaintiffs' [26] Motion for Leave to File Sur-Reply, and Plaintiffs' [29] Motion to Clarify. For the reasons below, the Court grants the [15] Motion and finds as moot the [26, 29] Motions.

I.   The Foundation's [15] Motion

The Court grants the Foundation's [15] Motion.

Plaintiffs sued the Foundation and others on December 21, 2025. *See* Compl. [1]. The Foundation soon moved for a more definite statement. *See* Mot. for More Definite Statement [15]. It said, "[t]he allegations in the [1] Complaint are unintelligible, incomprehensible, and too vague to permit a response . . . ." *Id.* at 1.

They are. The [1] Complaint contains roughly 20 unnumbered paragraphs. *See generally* [1]. Some paragraphs span several pages without rest. *Id.* at 2–5. It has no chronological order, no headings to separate causes of action, and no clear statement of claims. Here is the clearest indication of what claims Plaintiffs bring:

> All Defendants are liable for the injuries described in this lawsuit to include U.S.C. Section 1983 authorizes this suit along with the 1st, 4th,

> 5th, and 14th Amendments of the U.S. Constitution including due process, retaliation, unconstitutional violations of race, sex, and age discrimination, prosecutorial misconduct, State Claims: fraud, misuse and abuse of a legal proceeding, ex parte communications with a court and prosecutorial misconduct, also, state claims of intentional infliction of emotional distress, negligent infliction of emotional distress, physical, invasion of privacy, and rights thereof harm, property damage, negligent emotional distress, domestic terrorism, embarrassment, humiliation, depression, insomnia, headaches, worry, domestic terrorism, fright and shock, negligent hiring and retention, conflict of interest, interfering with a business, slander, and defamation by Birdsall posting on social media confidential information shown in the attachment, breach of confidentiality, violation of Mississippi Disciplinary Rules 4, 5, 5.2, 5.7 and 7.1.

*Id.* at 21–22 (capitalization errors and erratic emphasis omitted).

By the Court's count, Plaintiffs bring at least 20 causes of action. The laundry list runs from Section 1983 to "fright and shock," with stops along the way for "domestic terrorism" (not a tort under Mississippi law), "embarrassment," "domestic terrorism" (again), defamation, and a smattering of violations of Mississippi Disciplinary Rules. *Id.*

Elsewhere, Plaintiffs cite the Racketeer Influences and Corrupt Organizations Act ("RICO"). *Id.* at 4–5, 7, 23 (citing 18 U.S.C § 1964). But Plaintiffs omit RICO from their "Cause of Action" section and fail to attach a RICO Statement as required by the Local Rules. *See* L.U. Civ. R. 83.8.

A motion for more definite statement under Federal Rule of Civil Procedure 12(e) is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). And "a complaint, which contains [] 'bare bones' allegation[s] that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide

adequate notice." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). Two basic rules control. A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiffs' [1] Complaint flouts these rules. It has no numbered paragraphs, violating Rule 10(b). It has no short and plain statement, violating Rule 8(a). Worse still, it contains no specific allegations against the Foundation. The [1] Complaint does not say what the Foundation did or when it did it. And it does not articulate a legal theory connecting the Foundation to any injury. This is a textbook shotgun pleading. *Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *1 n.1 (5th Cir. Oct. 15, 2024) (per curiam) ("A 'shotgun pleading' is a pleading with 'multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims is brought against.'"). And a shotgun pleading does not provide adequate notice. *See Swierkiewicz*, 534 U.S. at 514.

In short, Plaintiffs' [1] Complaint gives the Foundation nothing to respond to. The Foundation is left to guess which of the 20-plus causes of action apply to it, which facts support those claims, and what relief Plaintiffs seek. That will not do. The Foundation is entitled to know what it is accused of, but the [1] Complaint leaves the Foundation—and this Court—guessing. So Plaintiffs must replead.

Plaintiffs' opposition to the [15] Motion does not cure these defects. *See* Pls.' Resp in Opp'n [22]; Pls.' Mem. in Supp. [23]. Plaintiffs cry "heightened pleading" and string-cite cases calling Rule 12(e) "disfavored." *See, e.g.*, [23] at 2–3. But "disfavored" does not mean dead. The question is not whether Rule 12(e) is disfavored but whether *this* Complaint is intelligible. It isn't.

As for Local Rule 83.8, Plaintiffs claim it does not exist. *Id.* at 6. They add that the Foundation is "so off base with trying to delay this matter that it appears that they created a rule that does not exist under local rule 83.8." *Id.* Plaintiffs are mistaken. *See* L.U. Civ. R. 83.8.[1] Local Rule 83.8 requires a detailed RICO Statement. Plaintiffs did not file one.

For these reasons, the Court grants the Foundation's [15] Motion. Plaintiffs must file an amended complaint within 14 days of the entry of this Order. The amended complaint must comply with Rules 8 and 10 and, if asserting RICO claims, must include a RICO Statement as required by Local Rule 83.8.

II.     Plaintiffs' [26, 29] Motions

Plaintiffs filed two other motions. Both are now moot. But the Court will address them briefly.

Start with Plaintiffs' [26] Motion for Sur-Reply. Plaintiffs claim the Foundation ambushed them by attaching Local Rule 83.8 to its [24] Reply. *See* Pls.' Mot. for Leave to File Sur-Rebuttal [26] at 2. Wrong. The Foundation cited Local

---

[1] Plaintiffs can verify the existence of Local Rule 83.8 here: https://www.mssd.uscourts.gov/court-info/local-rules-and-orders/local-rules. The Foundation also included Local Rule 83.8 as an exhibit to its [24] Reply. *See* [24-1] at 3–6.

4

Rule 83.8 in its [15] Motion. *See* [15] ¶ 4. Plaintiffs did not bother to check the Local Rules. Instead, they questioned the existence of Local Rule 83.8. [23] at 6. So the Foundation's [24] Reply included a copy of the Local Rule 83.8 to prove them wrong. That is not a new issue or legal theory. A sur-rebuttal is therefore inappropriate. *See United States v. Moody,* 903 F.2d 321, 331 (5th Cir. 1990) (explaining when a sur-rebuttal is appropriate).

As for Plaintiffs' [29] Motion to Clarify, this Order resolves any ambiguity. Plaintiffs must file an amended complaint that complies with the Federal Rules and this Court's Local Rules. The Court finds the [26, 29] Motions moot.

III. Conclusion

For the reasons stated above, the Court GRANTS the [15] Motion and FINDS AS MOOT the [26, 29] Motions. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. Plaintiffs must file an amended complaint within 14 days of the entry of this Order. Failure to comply will result in dismissal.

SO ORDERED, this 9th day of February, 2026.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE