# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**ABBY ROBINSON, individually,**                                    **PLAINTIFFS**
 **ABBY ROBINSON & ASSC.**
 **LAW FIRM PLLC, VANESSA JONES, individually,**
**VANESSA J JONES & ASSOCIATES LLC,**
**And on behalf of all others similarly situated**


**Versus**                                    **CASE NO.<u>25-976</u>**


**STATE BAR OF MISSISSIPPI FOUNDATION**                **DEFENDANTS**
**STATE BAR OF MISSISSIPPI OFFICE OF**
**GENERAL COUNSEL,**
**JEREMY LUKE BIRDSALL, individually and in his official capacity**
**MELISSA SELMA SCOTT, individually and in her official capacity,**
**KATHRYN LITTRELL individually and in her official capacity**
**Honorable Judge Faye Peterson (Declaratory Judgment Only)**
**John and/or Jane Doe**
**John Doe Company[s]**

---

**PLAINTIFFS (amended) COMPLAINT PURSUANT TO COURT ORDER DOC.[33] amending to F.R.C.P. 8(a)2 and 10(b), and adopt from doc. [1] THE COMPLAINT under the U.S. 1ST, 5TH, 6TH, and 14TH AMENDMENTS**

**(jury demanded)**

---

1.  **COMES NOW,  in <u>a SEPRATE</u> and Distinct U.S. Constitutional 1ST, 5TH, 6TH, and 14TH Amendments, and Racketeering Influence Corrupt Organization [RICO] is this Federal lawsuit challenging the process and MOTIVATION BEHIND <u>all</u> [1]DEFENDANTS unconstitutional violations of Plaintiffs rights as a United States Citizen, and included from the birth of this lawsuit, that the plaintiffs <u>use of the exhibits is to demonstrate from the onset the evidence that shows the violations of  *The U.S.C. SECTION 1983*</u> authorizes this suit along with the U.S. Constitution 1st, 5th, 6th and 14th Amendments. THE 1ST, 4TH, 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION including DUE PROCESS.** Therefore,[2] *<u>there is no attempt by plaintiffs to argue any matter that may be in the state court,</u>* rather merely to show how the arms of the state of Mississippi and its

---

[1] "all" depicts each defendant as named in the caption and in cautious of the court's resources those defendants include the MS Bar Counsel, Jeremy Birdsall individually and professionally, Melissa Scott individually and professionally, Kathyrn Littrell individually and professionally, The MS Bar Foundation, and the honorable Judge Peterson.

[2] Plaintiffs are forced to bring these facts on the onset to prevent redundancy in the pleading later regarding the government and judge unconstitutional conduct.

counsels, et.al, have unconstitutionally violated plaintiffs right as afforded by the Mississippi and U.S. Constitution. Additionally, the U.S. Supreme Court has held that**: "because the lawsuit arose out of their role as "enforcers" of the bar rules Federal Courts Improvement Act of 1996 ("the FCIA") which specifically amended 42 U.S.C. § 1983.** Thus, like any state official who enforces laws, injunctive and declaratory relief were available notwithstanding that defendants were judicial officers. *Id.* Four years later, in **_Pulliam v. Allen_**, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984)[3], the Supreme Court held that *judicial immunity did not prohibit declaratory and injunctive relief against a judicial officer acting in his or her judicial capacity.* In *Pulliam,* plaintiff had challenged the constitutionality of a state judge's practice of incarcerating persons awaiting trial for nonincarcerable offenses—acts clearly taken in defendant's judicial capacity. Thus, in the wake of *Consumers Union* and *Pulliam,* judicial immunity did not apply to acts taken by judicial officers in their *enforcement* capacities and was not a bar to declaratory and injunctive relief for acts taken in the judge's *judicial* capacity. This stems from Three United States Supreme Court cases form an appropriate starting point for consideration of Defendants' judicial

---

[3] Plaintiffs use of citation of laws in this complaint is show this court under what authority the lawsuit may be brought in a federal district court.

immunity defense. In ***Supreme Court of Virginia v. Consumers Union***, 446 U.S. 719, 736, 100 S.Ct. 1967, 1977, 64 L.Ed.2d 641 (1980), the Supreme Court held that judicial immunity did not bar injunctive relief against the Virginia Supreme Court and its chief justice. Plaintiffs brought a facial challenge to an allegedly unconstitutional bar rule and sought to enjoin defendants from prospectively enforcing it against attorneys. In upholding the injunction, *792 the Court distinguished between the various capacities in which the state's supreme court was authorized to act under state law. Thus, in conjunction with administering bar matters, the state's highest court engages in adjudicative duties (determining moral fitness of attorney applicants), legislative or rule-making duties (promulgating bar admission rules and procedures), and enforcement duties (applying the bar rules against attorneys or bar applicants), but judicial immunity would not *per se* apply to the latter two functions. In <u>Consumers Union,</u> the Court held that plaintiffs were entitled to declaratory and injunctive relief without regard to the defendants' status as judicial officers because the lawsuit arose out of their role as "enforcers" of the bar rules. <u>Thus, like any state official who enforces laws, injunctive and declaratory relief were available notwithstanding that defendants were judicial officers. *Id.*</u>  Likewise, in this case, the honorable Peterson has violated established U.S. Constitutional Rights of Plaintiffs by

entering orders and judgments that are inconsistent with the U.S. Constitution.[4] ***As such, plaintiffs' claims are violated under the FEDERAL RICO VIOLATIONS FEDERAL, (being found under 18 U.S.C. § 1964 — Civil Remedies18 U.S.C. § 1964(c)*** specifically provides that "any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor" in federal court and recover treble (three-times) damages, costs, and attorney's fees. American Bar Association www.americanbar.org/groups/torts.. This statute gives individuals, businesses, and other entities the right to bring civil RICO lawsuits against defendants who engage in **a *pattern of racketeering*** activity that harms the plaintiffs.[5]

2.  First the plaintiffs ask that the court take judicial notice that the Defendant the Mississippi Bar Counsel has answered the complaint at Doc.[17]. As such**,** the court's order doc.[33] holds that plaintiff is to follow F.R.C.P. 8(a)(2), and

---

[4] Plaintiff in an effort not to litigate matters that may be on appeal in the state court, again uses this fact to establish only that a Circuit Court sitting judge refuses to follow the U.S. 5th, 6th, 14th Amendments of Due Process and Equal Protection and plaintiffs have exhausted each state remedy with no response and the only opportunity is to seek redress through plaintiffs rights under the U.S. Constitution as sought hereto.

[5] ALL Plaintiffs' contend that the facts of Defendant the MS Bar did not act on any said grievance against Robinson until Robinson exercised her and her client, Jones right to Due Process under the U.S. Constitution in another action and approximately [5] years after any so called complaint and from a combined formal complaint by The Mississippi Bar against Robinson,  Please see ex.[5] a letter from former Rankin County County Court Judge Kent McDaniel dated 09/09/2020, the initiating Judicial Complaint against the former Judge Kent McDaniel dated November 5, 2019 plaintiff Robinson's  attempt to freedom of speech and the right to bring suit at ex. [6] including the MS Bar's notice of a complaint dated Nov. 17, 2020 ex.[7].

10(b).  Thus,  Plaintiff will address each of the three paragraphs outlined in the court's order at doc.[33] in the form of this amended.

3. To begin and out of precautionary considerations Plaintiff Abby Robinson prays for the court's indulgence relating to *any grammar or punctuations errors* committed by her, and as excused by this plaintiff's disability, and shortage of staffers for review.

4. Plaintiff has filed a response to the motion for a more definite statement at Doc.[22 and 23].  There, the answer aligns with the court's order for numbered paragraphs, and hereto, plaintiff attaches the RICO Statement as an exhibit hereto.

5. The court's order does not address whether the court recognized that Plaintiff responded to the motion for a more definite statement at Doc.[22 and 23]. However, plaintiff will attempt to the obedience of the court's order at doc.[33].  As such, plaintiffs adopt doc.[22 and 23] along with incorporating each exhibit from the complaint and the exhibits attached to the response at doc.[22 and 23].[6]

6.  Further the court seems frustrated with the way plaintiff arranged its claims that has grammar errors and apparent run on sentences.  As a result, plaintiff

---

[6] The addition of all the exhibits creates a voluminous amount of records and in the event some prior exhibits is overlooked, they are all adopted hereto.

ask that the court give leniency in the pleading as plaintiff attempt to create the complaint pursuant *to F.R.C.P. 8(a)(2): (a) Claim for Relief. A pleading that states a claim for relief must contain:(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and(3) a demand for the relief sought, which may include relief in the alternative or different types of relief. And,  (d) Pleading to Be Concise and Direct;  Alternative  Statements;  Inconsistency.(1) In  General.* **<u>Each allegation must be simple, concise, and direct.</u>** [7]No technical form **<u>is required</u>**.*(2) Alternative Statements of a Claim or Defense.<u> A party may set out 2 or more statements of a claim</u> or defense alternatively or hypothetically, either in a single count or defense or in separate ones.<u> If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient</u>.(3) Inconsistent Claims or Defenses.<u> A party may state as many separate claims</u> or defenses as it has, regardless of consistency.(e) Construing Pleadings. Pleadings must be* <u>construed so as to do justice.</u>

---

[7] The bold or underlined elements are to remind the plaintiff that it aligns with the rules, and not shot gun styled, however, plaintiff must also be aware that there is no "technical form" of one complaint to another complaint.

7. Also, the court stated that plaintiffs amended complaint is to follow **F.R.C.P.10: (b)** Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

8. (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.  Plaintiffs are aware of the commentary regarding rule 10 that states 2007 Amendment The language of Rule [10] has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

9.  It follows that the amended complaint as  to the Mississippi Bar was in chronological order when filed at the response doc.[22 and 23] to the motion for a more definite statement as is in this amended document.   Then the court's order states that the complaint at Doc.[1] has no heading for the cause

of action: however, **the words "cause of action"[8]** is bold and underlined, but we will assert the same hereto and remind the court that the cause of action is based on the claims sought, and if the court will allow, the claims of liability is construed to what the plaintiffs find is committed by "all" defendants. For instance the court states that plaintiff list under cause of action is laundry including capitalization errors and "erratic emphasis omitted" and that by the Court's count the list runs from Section 1983 to "fright and shock," with stops along the way "domestic terrorism" (not a tort under Mississippi law)," embarrassment, domestic terrorism (again), defamation, and a smattering of violations of Mississippi Disciplinary Rules. Please see page two Doc.33 and first paragraph.

10. In response, Plaintiffs claims that are not capitalized was intentionally written because they state claims are stated state claims with no emphasis other than the court has jurisdiction over those state claims(whether actionable or not might be a fact question of emotional harm). Further, and to explain plaintiff's knowledge of a tort[9], this is a suit regarding unconstitutional violations, and

---

[8] The rule is for the pleader to state each cause of action and to provide a brief statement of who "ALL DEFENDANTS" caused the harm.

[9] Broadly, **personal injury** means:

**Harm to a person's body, mind, or emotions, as opposed to damage to property or purely economic loss**, for which the injured person seeks civil compensation.

**What that includes**

Personal injury claims in federal court commonly involve:

Physical injuries (broken bones, burns, illness, disability)

Pain and suffering

the exhibits demonstrates facts asserted inter alia. Therefore, plaintiffs mental anguish emotional distressful harm feels like a domestic terrorism act especially since constitutional rights were established at all times relevant to the complaint and the July 7, 2026 notice of claim.

11. Moreover F.R.C.P. 10(b) holds: A party must state its claims or defenses in numbered paragraphs, each **limited as far as practicable to a single set of circumstances**. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial— must be stated in a separate count or defense. As such, Doc. [22 and 23] are numbered paragraphs and specifically addresses what the MS Bar Foundation did or did not do, as claimed in Doc.[1].[10]

## 12. **JURISDICTION**

This suit is authorized and instituted pursuant Federal Questions under the 1st, 5th, 6th, 14th, and Equal Protection Clause of the U.S. Constitution, RICO, Race and Sex Discrimination where applicable in the claims sought. This Court has jurisdiction

---

Emotional distress or mental anguish
Loss of enjoyment of life
Disfigurement
Loss of consortium (harm to family relationships)

[10] The concern is cautious in wasting the court's resources and not bringing filed documents to the forefront of the court when the court did not mention the already filed responses. As such, clarity of knowing that the court has what it seeks, the response to the granted motion for a more definite statement.

over the state law claims pursuant to ***28 U.S.C. Section 1367(a).*** The intent to sue

notice has been served timely as of July 7, 2025, over 90 days ago. Ex.[1].

## FACTS: ALL EXHIBITS ARE ADOPTED FROM THE ORIGINAL SUIT

13. In and around July 7, 2025, Plaintiffs filed with each and **"all"** [11] defendant

   a Mississippi code 11-46-1, Notice of claims intent to sue. Please see ex. [1].

   Plaintiffs asserted that this protective procedural was personally delivered to

   each defendant of the Mississippi Bar including Jeremy Birdsall, Mellisa

   Scott, and Kathryn Littrell, as well as the MS Bar registered agent Jeremy

   Birdsall and all on July 7, 2025. The Mississippi Bar's Counsel Jeremy

   Birdsall confirmed the protection of the Mississippi Bar as being an arm of

   the state of Mississippi in an email on July 25, 2025. Please see ex.[1]. As

   stated in the intent to sue notice plaintiffs' claims are as follows:

**STATE BAR OF MISSISSIPPI FOUNDATION, STATE BAR OF
MISSISSIPPI OFFICE OF GENERAL COUNSEL, JEREMY BIRDSALL,
individually and in his official capacity, MELISSA SCOTT, individually and
in her official capacity, and KATHRYN LITTRELL individually and in her
official capacity all took an oath under the Mississippi Supreme Court to follow**

---

[11] "All" Defendants means each and every person or entity named in the caption of this complaint. And for
the sake of being redundant and misuse of the court's resources the term "all" is used to depict each
captioned person or entity of this complaint.

their own created Rules of Disciplinary conduct (including applicable
Committees to protect the integrity of the Mississippi Constitution as well as
the U.S. Constitution. Also, each named defendant swore to uphold specifically
THE 1ST, 4TH, 5TH, AND 14TH AMENDMENTS OF THE U.S.
CONSTITUTION including DUE PROCESS. As such, plaintiffs' claims are
also violated under the FEDERAL RICO VIOLATIONS[12], (being found under
18 U.S.C. § 1964 — Civil Remedies18 U.S.C. § 1964(c) specifically provides that
"any person injured in his business or property by reason of a violation of
section 1962 of this chapter may sue therefor" in federal court and recover
treble (three-times) damages, costs, and attorney's fees.   This statute gives
individuals, businesses, and other entities the right to bring *civil RICO, exhibit*
[10] lawsuits against defendants who engage in *a pattern* of racketeering activity
that harms the plaintiff.  Related RICO Statutes in the Federal Code18 U.S.C.
§ 1961 — Defines racketeering activity and other terms relevant to RICO. 18
U.S.C. § 1962 — Sets out the prohibited conduct (e.g., conducting an enterprise
through a pattern of racketeering). A civil plaintiff must allege a violation of
this section.

18 U.S.C. § 1964 — Contains the civil remedies (cause of action, treble damages,
equitable relief). So, in short, the federal statute for civil RICO violations is

---

[12] The procedural RICO Statement is attached hereto as an exhibit

codified at *18 U.S.C. § 1964*, with the underlying substantive provisions in *18 U.S.C.*

14. **Further,** *The U.S.C. SECTION 1983* **authorizes this suit along with the U.S. Constitution 1ˢᵗ, 5ᵗʰ, 6ᵗʰ and 14ᵗʰ Amendments. THE 1ST, 4TH, 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION including DUE PROCESS. RETALIATION, UNCONSTITIONAL VIOLATIONS OF RACE, SEX, and AGE DISCRIMINATION,,  FRAUD, MISUSE AND ABUSE OF A LEGAL PROCEEDING, EXPARTE COMMUNICATIONS WITH A COURT**[13] **AND, PROSECUTORIAL MISCONDUCT, State Claims of  intentional infliction of emotional distress, negligent infliction of emotional distress, physical, Invasion of Privacy and the Rights thereof harm, property damage, negligent Emotional distress, domestic terrorism, Embarrassment, Humiliation, Depression, Insomnia, headaches, worry, domestic terrorism, fright and shock, negligent hiring and retention, conflict of interest, Interfering with a Business, Slander, and Defamation by  Birdsall posting on social media confidential information as shown in the attachment, Breach of Confidentiality, Violation of Mississippi**

---

[13] Plaintiffs' alleged that there appear to have been communications outside of plaintiffs' hearing with a specific court.  Plaintiffs are attempting to be cautious in speaking of the honorable judge Peterson, but the emails sent from Jeremy Birdsall to the court, implies exparte communications.

**Disciplinary Rules 4, 5, 5.2, 5.7 and 7.1**. evidenced of the rules that were known at all relevant time is **ex.[ 3 and4]** filed as 1-2,1-4 of the complaint.

15. Additionally, found in this case, is the fact that "all" Defendants began the unconstitutional behavior when **<u>all</u>** defendants[14] arbitrarily required plaintiffs to be silent in asserting and arguing their protected U.S. Constitution 1st Amendment right of free speech, which violated their rights of the U.S. Constitutional Due Process 5th and 14th Amendment Due Process and Equal Protection. Also, the 1st Amendment right to bring the lawsuit in a court of law in the U.S. was violated by "ALL Defendants, included the unconstitutional violation of plaintiffs protected rights by the honorable Peterson, when Jones, acting and requesting emergency hearings was never responded by the honorable Peterson, thereby plaintiffs' were denied the right to the opportunity to be constitutionally heard on a record of law in any court, other than this urged federal lawsuit. <u>Second</u>, during this same period,[15] ALL Defendants also prohibited both Abby Robinson and Vanessa J. Jones the right afforded under the 1st Amendment right of the U.S. Constitution to exercise the right to challenge the defendants in a court of law, such as this

---

[14] Plaintiffs' uses the collective term of ALL in short of redundancy in renaming each defendant when each defendant is applicable to this case and facts. When the fact begins to be specific to an individual, i.e. honorable court, then plaintiffs' will name that specific person. If it so pleases the court.
[15] The period of time of injuries is 2024-current date of December 19, 2025.

district court when Defendants, acting under the color of law deliberately filed dispositive pleadings without following any laws or rules, and the honorable Judge acquiesced, **[Ex.9], 1-9** to the complaint,  the same unconstitutional behavior as described hereto;  And, there again violating the U.S. 1st, 5th, 6th, 14th Due Process and Equal Protection of the U.S Constitution.

16. ALL Defendants failed to follow their sworn oath to follow **THEIR OWN DISCIPLINARY** rules including rules [4 and 5[16]], please **see ex.[3 AND 4]**[17], as well as the honorable court seem to have failed to follow the laws and Mississippi as well as the U.S. Constitution right of DUE PROCESS. Factually holding that: ***Rule 4:  NO COMPLAINT SHALL(mandatory)*** be considered by the Complaint Counsel ***OR*** the Committee on Professional Responsibility **UNLESS** received, discovered, or otherwise brought to their attention **WITHIN THREE [3] YEARS AFTER** the date of discovery of the facts upon which the complaint is based. Also, **Rule [5]:** The Complaint Counsel shall investigate complaints, prosecute formal complaints, and discharge other duties assigned by the Board of Commissioners. Complaint Counsel **SHALL** conducts any investigation or investigatory **hearing FAIRLY  and IMPARTIALLY and SHALL** seek to elicit any and all facts

---

[16] Exhibit 4 and 5 are shown as exhibit 4 and 5
[17] Exhibit 3 is the full set of Mississippi Disciplinary Rules.

which might be exculpatory or incriminatory of the accused attorney**. ALL PROCEEDINGS under THESE RULES SHALL be EXPEDITIOUSLY CONDUCTED[18].**

17.  Therefore, as shown by the former judge Kent McDaniel complaint, please **see Ex.[5 and 8,1-5, 1-8],** the MS Bar and defendants had knowledge of this so-called disciplinary matter for approximately [5] years. This is ***UNFAIR AND CERTAINLY VIOLATES DUE PROCESS pursuant to the U.S. Constitution.*** Furthermore, as shown in **ex [3, 1-3]**, defendants Jeremy Birdsall, Melissa Scott, Kathyrn Littrell, Mississippi Bar, Mississippi Bar Foundation, fail to perform, nor did they ever provide an expeditiously U.S. 14TH Amendment to protect plaintiffs from the harm that is written in their own rules and laws, **disciplinary rule [5]** stating **plaintiffs shall NOT** be deprived of his right to a timely, fair, and proper investigation of a complaint and that no attorney be subjected to ***UNFAIR AND UNJUST CHARGES.***

18.  **Related RICO Statutes in the Federal Code18 U.S.C. § 1961 — Defines racketeering activity and other terms relevant to RICO. 18 U.S.C. § 1962 —**

---

[18] Plaintiff Abby Robinson contend that a complaint by which Adam Kilgore and Melissa Scott had in their possession 5 years ago [2020] and decided to bring a formal complaint about the same matters AFTER Robinson argues and enters an appearance on behalf of Vanessa J Jones clearly violates Due Process and Defendants own policy and procedure. See ex. [5] Letter from former judge Kent McDaniel to Adam Kilgore discussing Robinson's place of residency "Bridgewater Subdivision, his comment that she is not a freedom fighter like Harriet Tubman.

**Sets out the prohibited conduct (e.g., conducting an enterprise through a pattern of racketeering). A civil plaintiff must allege a violation of this section. 18 U.S.C. § 1964 — Contains the civil remedies (cause of action, treble damages, equitable relief). American Bar Association.americanbar.org/groups/tort. So in short, the federal statute for civil RICO violations is codified at *18 U.S.C. § 1964*, with the underlying substantive provisions in *18 U.S.C. §§ 1961.* As to the unconstitutional acts by the honorable court, plaintiff claims are declaratory as relied upon in law specifically**

19. Additionally, Plaintiffs contend that the **RETALIATION** claim sought here is under Section 1983: 42 U.S.C. § 1983 — Constitutional Retaliation is the primary federal civil statute used when a state or local government actor retaliates against someone for exercising constitutional rights.

**UNCONSTITIONAL VIOLATIONS OF RACE[19] AND SEX DISCRIMINATION[20], and the torts of FRAUD, MISUSE AND ABUSE OF A LEGAL PROCEEDING, EXPARTE COMMUNICATIONS WITH A COURT AND, PROSECUTORIAL MISCONDUCT**, are found in the proceeding facts of

---

[19] Plaintiffs Robinson and Jones are black African American Women who are in the class that the government is supposed to protect, and all three council members for the MS Bar are "white" Caucasian's.
[20] Plaintiffs Robinson and Jones are also a member of the protective class of "Females" and upon information and belief the MS Bar complaint respondents consist mostly of blacks and females.

the intentional deliberate handling of the nearly and close to [5] year old complaint against Robinson and the silencing of Jones right to remain silent pursuant to the 5th and 6th Amendments, and pattern of denial of hearings to uphold the constitution, and the following state claims are the result of the unconstitutional behavior from all defendants:   intentional infliction of emotional distress, negligent infliction of emotional distress, physical, Invasion of Privacy and the Rights thereof harm, property damage, negligent Emotional distress, Embarrassment, Humiliation, Depression, Insomnia, headaches, worry, fright and shock, negligent hiring and retention, conflict of interest, Interfering with a Business, Slander, and that specifically is Defamation by  Birdsall posting on social media confidential information as shown in the attachment, Breach of Confidentiality, Violation of Mississippi Disciplinary Rules 5, 5.2, 5.7 and 7.1**[ Ex. 4, 1-2]** are the claims sought in this suit.

20. Further, Jeremy Luke Birdsall, Mellisa Selman Scott, and Kathryn Littrell went so far with the Prosecutorial Misconduct, please see Ex.1, 1-1]intent to sue notice, against all Plaintiffs'[21] for fraud, misrepresentation,   intentional infliction of emotional distress, negligent infliction of emotional distress, physical, Invasion of Privacy and the Rights thereof harm, property damage, negligent Emotional distress,

---

[21] All  Plaintiffs mean both plaintiffs' individually and in their professional capacity

domestic terrorism, Embarrassment, Humiliation, Depression, Insomnia, headaches, worry, fright and shock, negligent hiring and retention, intentional harm by MS Bar Foundation by failing to administer justice as promised in their Charter by allowing The MS Bar's conflict of interest, Interfering with a Business, Slander, and Defamation until they attached additional so-called violations of the MRPC to their exhibits, that the then General Counsel, Adam Kilgore[22] please see **Ex.[7, 1-7, and 8, 1-8].** *never wrote as any violation by Respondent, Robinson in 2020 up to this present day,* which demonstrates a clear violation of the U.S. 14th Amendment Due Process, Equal Protection and shows the deliberate and intentional, possibly negligent unconstitutional behavior by three individuals who took an oath to abide by the Mississippi and U.S. Constitution. Plaintiffs reserve the right to submit further exhibits provided to plaintiffs from the Mississippi Bar in this matter.  Plaintiffs contend that Robinson stated in the response to the frivolous formal complaints that Due Process is being voided by these state actors and cautious should be used for the integrity of the courts especially **with *fraud and  MALICIOUS INTENT,* *as described in the responses and the notice of claim letter ex.[1].  However ALL Defendants seem not to execute the duty of the establish U.S. Constitution law of Due Process and Equal Protection as raised by ALL Plaintiffs' including the Statutes*

---

[22] Adam Kilgore along with Melissa Scott represented the MS Bar appx. [5] years ago and neither brought any such formal complaint, neither did Melissa Scott inform the state court that an answer was provided five years ago and what that answer stated.

19

*of Limitation [, each and every defense of 12b(6), U.S. Supremacy Clause, U.S.*

*FULL FAITH AND CREDIT CLAUSE, U.S. WHISTLE BLOWERS ACT, STATUTES*

*OF LIMITATIONS, STATUTE OF WAIVER, DOCTRINE OF DIRTY HANDS, and*

*a Demand for the U.S. DEPARTMENT OF JUSTICE REVIEW*, since, other than this

lawsuit there is no justice to the unconstitutional behavior to be found.

21. Furthermore, there is no other way to describe the behavior of Jeremy Luke

Birdsall, Melissa Scott, and Kathyrn Littrell as an Abuse of powers, bullying and

intimidation as well to silence and run off Robinson from representing Vanessa J.

Jones against Jeremy Birdsall's client High Rise Financial who is represented by the

same law office that at all times relevant to the unconstitutional behavior who is

found to be a partner of Wise Carter & Childs Law Firm's[23] **Ex.[11 and 12][24]** and

Birdsall has persuade the integrity of the Court as redressed in this suit.  The court,

although filed as an appeal, completely vacated the sworn oath to honor a

respondent's right to a hearing, and even the clerk of the court seems to have fallen

short with this same issue.[25]  As a result, this is **again a separate action for these**

---

[23]This entire Due Process Violation and other claims sought was started by a conversation between High Rise Financial and its representative Mike Mackie out of Los Angeles CA and who is represented in a predatory lending scheme lawsuit involving **Vanessa J. Jones vs. High Rise Financial case. No. 25-00031** filed in the Eastern District Court of Hattiesburg, MS and under the authority of the honorable judge Guirola.

[24] Jeremy Birdsall served then and now as the MS Bar Counsel attorney, and at all times relevant to the plaintiffs established U.S. Constitutional rights, Jeremy Birdsall initiated the unconstitutional attack on plaintiff Abby Robinson and Melissa Scott acquiesced the unconstitutional behavior and the MS Bar Foundation, even with a notice of claim failed to administer justice to this date.

[25] This fact is solely for the purpose of stopping the unconstitutional behavior by the defendants.

**unconstitutional acts** which violates established Mississippi and U.S. Constitutional rights to the 1st, 5th, 6th, 14th and Equal Protection inter alia, under the law of the United States of America.  Plaintiffs contend that they are entitled to relief as sought hereto, and especially since the plaintiffs' pool has grown in this suit to show similar conduct, but fearful to charge defendants of the unconstitutional harm. Additionally, in the road of cautiously steering away from redundancy, defendants The Mississippi Bar Foundation et.al.  knew or should have known that JEREMY LUKE BIRDSALL, at all time relevant to this suit, is one of **the Partners for Wise Carter & Childs Law Firm**, but who at the same time, is the very bad actor representing the MS Bar in the action against both  Plaintiffs.  This is wrong, no government division is above the U.S. Constitution of fairness, inter Alia, because this violates the 14th Amendment and Equal Protection under the U.S. Constitution. Plaintiffs are U.S. Citizens residing in Mississippi and they have not relinquished their constitutional rights.  Defendant Birdsall knew there was a conflict of interest and Birdsall is under the same M.R.P. C. as any other lawyer, which again violates the U.S. CONSTITUTION Due process, 14th Amendment and Equal Protection clause.  Like any other citizen in the U.S. these very same defendants would desire the same U.S. Constitutional applicability if they were the one bringing this action to the district court.  Therefore, Equal protection is established.  Defendant Melissa Selma Scott and the leading counsel for the MS Bar had a duty to cause Birdsall to

recuse himself period, that the U.S. Constitution she swore by, she knew that laws prohibit unconstitutional prosecutorial misconduct, as did the Mississippi Bar Foundation, but instead, both Melissa Scott, Kathryn Littell who (had a duty to blow the whistle on the other parties) joined in the unconstitutional behavior. Defendant Jeremy Luke Birdsall and Melissa Selma Scott had a duty to recuse himself from the beginning of the unconstitutional due process violations because he benefits as a lawyer for the very law firm that has filed the out of time bar complaint. Moreover, Wise Carter & Childs had a duty to stop the unconstitutional behavior of its partner against Plaintiff Jones from the onset. See ex.[6, 1-6, the email from Birdsall to plaintiff and after the July 7, 2025 notice of intent to sue was filed]. Instead, and upon information and belief they all took advantage of the unconstitutional conduct that has severely harmed plaintiffs.   As a result, "ALL" Defendants have triggered the unconstitutional violations   the 1st, 5th, 6th, 14th and Equal Protection rights afforded to plaintiffs under the Mississippi and U.S. Constitution.

22.  As a result, ALL Defendants have acted outside of the very sworn oath to defend the U.S. CONSTITUTION *with fraud and malicious intent in filing the formal complaint against plaintiffs.*

There is even more unconstitutional misconduct found when Jeremy Birdsall, Melissa Scott, and Kathryn Litterell unconstitutionally and fraudulently created and

manufactured facts that were opposite in the record[26] thereby holding ALL Plaintiffs to a higher degree of standards of law when they interfered with ALL Plaintiffs' *BUSINESS TRANSACTION, but when the ACTUAL BAR COMPLAINT ITSELF* and signed by the person complaining says totally different.   Therefore, there never any violation of M.R.C.P and the evidence will show to wit. As such, ALL Defendants have violated the 1st, 5th, 6th, 14th, and Equal Protection Clause of the U.S Constitution. formal complaint. All Plaintiffs' contend that the U.S. Constitution 1st, 5th 6th, 14th and Equal Protection Clause law seem to favor plaintiffs when it holds that where **state officials are sued in their official capacities, the doctrine of *Ex parte Young* may operate as an exception to the Eleventh Amendment. <u>*Cox*</u>**, 256 F.3d at 307 (citing ***<u>Ex parte Young</u>***, 209 U.S. 123, 159–60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). 23.  Under *Ex parte Young,* the Eleventh Amendment does not bar a suit against a state official alleged to be acting in violation of federal law. *Id.* The ***<u>Ex parte Young</u>*** doctrine is grounded on the concept that the state cannot authorize its officials to violate the Constitution and laws of the United States. *Id.* (citing *Ex parte Young,* 209 U.S. at 160, 28 S.Ct. 441, 52 L.Ed. 714). *Ex parte Young* only[27] permits an award of declaratory or prospective injunctive relief, *i.e.,* to enjoin the

---

[26] By fraudulently excluding information to the Tribunal that they had in their possession nearly [5] years ago. See ex. 7, 1-7 a letter from Adam Kilgore and Melissa Scott signature is on that old dated letter.

[27] Plaintiffs in this case seeks not just declaratory injunction but also punitive and monetary damages, and other relief as shown under relief and cause of action of this lawsuit .

23

future enforcement of an unconstitutional rule, regulation, or law. *See id.; Thiel v. State Bar of Wisconsin,* 94 F.3d 399, 400 (7th Cir.1996). Retrospective relief in the form of a money judgment in compensation for past wrongs—no matter how small—is barred. ***Brennan v. Stewart****,* 834 F.2d 1248, 1252 (5th Cir.1988). The *Ex parte* Young exception does not apply to state law claims. *See* ***Pennhurst v. Halderman,*** 465 U.S. 89, 105, 104 S.Ct. 900, 911, 79 L.Ed.2d 67 (1984) (noting that *791 *Ex parte Young* is inapplicable where violations of state law are at issue). In this case Plaintiffs' *federal* claims fall squarely within the *Ex parte Young* exception to Eleventh Amendment immunity seeking monetary compensation for past wrongs. Therefore, Defendants are not entitled to dismissal of Plaintiffs' federal claims based upon Eleventh Amendment immunity. As such, and as a precursor to the answer to this complaint, **the complaint cannot be dismissed for Section 1983 allows the individual suits of unconstitutional bad acts that were foreseeable and established at the time of injury.**

24. **To further show the alignment of all defendants unconstitutional behavior** In this case, Defendants [1] required plaintiffs to be silent and arguing the U.S. Constitution 1st amendment of free speech, which violated the right of the U.S. constitutional due process. And fails to allow plaintiffs their right to challenge defendants for violating due process as well as freedom of speech. Also, [2]defendants failed to follow their sworn oath to follow THEIR OWN

24

DISCIPLANRY rules AS SHOWN IN **EX. [ 1-2,1-3, 1-4].** claims perform and never provided an expeditiously U.S. 14TH Amendment to protect plaintiffs from the harm that is written in disciplinary rule [5] **stating plaintiffs shall NOT** be deprived of his right to a timely, fair, and proper investigation of a complaint and that no attorney be subjected *to UNFAIR AND UNJUST CHARGES.*

25.  Furthermore: BAD FAITH **RETALIATION** PROSECUTION that violated 1st amendment rights to freedom of speech and due process for filing the unconstitutional claims against Robinson while Robinson was defending the unconstitutional claims against Jones.

26. *WE ARE NOT ARGUING WHAT IS UNDER THEIR DUTY TO DO THEIR JOB OF DISCIPLARY ACTIONS,* RATHER we are arguing that the unconstitutional behavior of not following the law violated plaintiffs rights to BE FREE FROM RICO retaliatory conduct, and unconstitutionality of 1st, 5th, 6th, and 14th amendments. Nor are plaintiffs arguing for a REMOVAL OF ANY DISCIPLARY ACTION filed in the State of MS against any plaintiff, which is why plaintiff fully understands that a counter suit cannot be filed against the bad state actors Jeremy Birdsall MELISSA M**ississippi Commission on Judicial Performance v. Britton (2006):** The *court highlighted that judges are required to research, read, know, and apply* pertinent statutes and case law. Failure to do so undermines the credibility

of the judiciary system, as state in the Mississippi Code of Judiciary Conduct at Canon 1: A judge shall uphold the integrity and independence of the judiciary. And Jeremy Luke Birdsall seem to have contributed to the court's failure to follow those rules. The Mississippi Disciplinary Rules [4] and [5][28] shows that the MS Bar Counsel along with Jeremy Luke Birdsall, Melissa Selma Scott, and Kathyrn Littrell deliberately reframed from following their own U.S. Constitutional oath to follow the law, and thereby filed and harmed plaintiffs as claimed, thereby, voiding the U.S. Constitution as stated above. The MS Bar Foundation allowed the prosecutorial misconduct to operate under the guise of administering justice. Even the honorable Judge Peterson had a duty to know that Canon II holds that a judge shall avoid impropriety and the appearance of impropriety in all activity. However, the honorable judge Peterson refuse to give Jones a hearing as required by the U.S. CONSTITUTION and signed a final judgment without any hearing. That's unfair and violates Equal Protection Due Process whereby others similar situated persons, and pursuant to the law are to be given a hearing. Please see Ex. 8[29]. Canon [3] also holds that a judge shall perform the duties of judicial office impartially and diligently. As such, the same facts above are applicable to this unconstitutional

---

[28] Exhibit 4 and 5 are necessary because these are written policies and procedures of The Mississippi Bar Counsel.

[29] Exhibit 8 is merely being shown as the vehicle that was driven to deprive establish constitutional right to a trial and hearing before default judgment that was signed by the honorable Peterson.

claim, including that a judge shall dispose of all judicial matter promptly, efficiently and fairly. [30]

**27.** The **<u>Mississippi Bar Foundation Charter</u> Ex.13**, states they administer justice in the Mississippi Bar.  As such, the Bar Foundation voided the very public duty to administer justice against its own MS Bar while the MS Bar was violating established U.S. Constitutional Rights. The MS Bar Foundation duty is to administer justice, but failed the justice prevailing in their own MS Bar Counsellors as shown above.  They are accountable to the citizens of the U.S. to hold their own attorneys accountable for egregious violations of the U.S. Constitutional.

28.  The Mississippi Bar Foundation knows exactly who each of its members are, at least that is what they produce to the public.  In so, surely the Mississippi Bar Foundation had a duty to know that when the public pulls up the Mississippi Bar's website as attached hereto as an **exhibit [11 and 12] that** they are shown as a part of and under the Mississippi Bar's website.  In fact, it is the first seen name to the public when one goes to the Mississippi Bar website.  There **<u>is no separate website</u>** that tells the public nor the plaintiffs that the MS Bar Foundation is a separate entity distinct from the Mississippi Bar so the power to administer justice should have

---

[30] In this case there are open motions on the court's docket but the clerk of the court entered a default judgment without first administering a hearing on the matter.  This violates the U.S. Constitution of Due Process and Equal Protection.

began within the MS Bar Foundation's own home.  Therefore, the Mississippi Bar Foundation failed its duty to administer justice in this case because to the public view, and plaintiffs, the Mississippi Bar Foundation is a subdivision of the Mississippi Bar and as shown in the Mississippi Bar Foundation's **OWN CHARTER Exhibit [13]**  that they submitted as exhibit [1] doc.[15-1] of their own filed motion.   More specifically at page two and *section 6.01(a) "The improvement of the ADMINISTRATION of JUSTICE and the ELEVATION OF JUDIICAL STANDARDS".*   Additionally, at page *three Section 6.01 Section(4) and its EXCEPTION specially states "TO IMPROVE THE ADMINSTRATION OF JUSTICE; and the EXCEPTION states: "except as more specifically hereinabove set forth, such ACTIVITIES may be undertaken directly by the CORPORATION or by the provision of funds by the Corporation TO THE MISSISSIPPI BAR…"* Therefore, The Mississippi Bar Foundation is *directly related to the activities in administering justice under and with the Mississippi Bar*, and thereby, The R the Mississippi Bar's Counselors Jeremy Luke Birdsall, Melissa Selma Scott and Kathyrn Littrell and stated in the complaint.

Moreover, the Mississippi Bar Foundation Charter seems to reveal the fact that the Mississippi Bar Foundation and the Mississippi Bar are one in the same subdivision because the MS Bar website first paragraph shows that it is the Mississippi Bar Foundation, please see **exhibit [11],** and this evidence is for the public to view when

looking at the website. In fact, the website is so aligned that the defendants MS Bar Foundation and the MS Bar, until the headlines of the website's first page say, "MISSISSIPPI BAR FOUNDATION", and list, inter alia, "For the Public". Therefore, the motion to dismiss should be denied because defendants MS Bar Foundation is directly and closely related and administers justice for the MS Bar.

29. The Court was correct and  Plaintiff thanks the court for the order directing that Plaintiff must attach a RICO Statement, it is procedurally now included **at**

 **exhibit [10].**

30. The **Mississippi** Bar Foundation consist of attorneys, under the authority of the Mississippi Supreme Court just as plaintiffs whereby they are sworn by an OATH TO UPHOLD THAT U.S. AND MISSISSIPPI CONSTIUTION.  Therefore, a deliberate, intentional or even negligent prosecutorial misconduct or behavior by the Mississippi Bar Foundation in failing to administer justice by causing the administration of Jeremy Birdsall, Melissa Scott, Kathryn Littrell and the Mississippi Bar Counsel under the U.S. Constitution is a failure in allowing unconstitutional acts as prescribed here in the RICO Claim to occur.  Please see the RICO Statement attached **as Exhibit [10]**   hereto.[31]

---

[31] In the abundance of caution, plaintiff is attempting not to repeat the same claims from the RICO statement when the statement is attached to this amended complaint.

31. The Mississippi Bar Foundation is a DIRECT SUBDIVISON OF THE MISSISSIPPI Bar.  Please see their charter at Book 317 page 706, and hereto attached as plaintiffs **exhibit [10] at page three under exception: "…by the provision of funds by the Corporation to the MISSISSIPPI BAR."** Also, at page five, under Charter 6.06, the MS Foundation holds in its charter "…All those persons currently serving from time to time as the duly elected members of the Board of Commissioners of **the MISSISSIPPI STATE BAR shall be eligible to be members of this Corporation.**  They are connected.

32. Charter Rule 6.04 holds that: "Corporation adopts all **necessary BYLAWS not CONTRARY to LAW…..** As such, the Mississippi Bar Foundation had in its possession the Intent to Sue Notice dated July 7, 2025 showing a complete violation  claims of the U.S. and Mississippi Constitution and still failed to administer justice. Please see exhibit to the complaint notice of claim dated July 7, 2025.  Thus, the MS Foundation could clearly understand the claims made in the complaint, they had a guide with the notice of claim that made the intelligence of the complaint simple.

33. Racketeer Influenced and Corrupt Organization Act of 1961 is applicable to government actors in federal court and MS Bar Foundation knew that Jeremy Birdsall and Melissa Scott was violating the U.S. Constitution from the date of July 7, 2025 and conspired with the bad actors in furthering the unconstitutional

conduct as shown in the exhibits attached to the complaint. Therefore, RICO Violations are found on the onset of the complaint and clearly intelligently shown.

34. Wise Carter and Childs, represents High Rise Financial, please see 2:25-0031 pending case against High Rise Financial and as a result, knew, at all times relevant to the unconstitutional conduct, that **their PARTNER JEREMY BIRDSALL was bringing charges against his ECONOMIC INTEREST** involving Plaintiffs.  However**, Childs,** as a representative of the MS Bar Foundation and High Rise Financial knew that his partner Jeremy Birdsall was unconstitutional.

35. **There is no** administration of justice can be an administration of justice when knowledge of unconstitutional claims as of July 7, 2025 especially when MS Bar is clearly a subdivision showing that MS Bar divested unconstitutional charges against plaintiffs when they typed two different orders for two different Circuit Court Judges saying the identical thing for two different cases.

36. **The Sworn Duty of the Mississippi Bar Foundation as complained at page ten, and eleven first paragraph all defendants "duty to perform" of the complaint is applicable in this case.  There is no way to administer justice and not start with your very own Bar.**

37. **RICO** violations are shown when the Mississippi Bar Foundation shows a pattern of unconstitutional behavior when they knew that the U.S. Constitution prohibits the prosecutorial misconduct described in the complaint against the MS Bar and on July 7, 2025. This knowledge is exhibited as the administrator of justice is about law, and that law duty expounds to the Mississippi Bar that the Bar Foundation own Charter speaks of.

38. They cannot choose to ignore that they received the July 7, 2025 notice of claim when the Miss. Code Ann.  46-11-1 is for that specific purpose of notifying and alarming.  Plaintiff Abby Robinson represented Plaintiff Vanessa J. Jones in more than cause of action, including that against High Rise Financial when Jeremy Birdsall, Mellissa Scott, and Kathyrn Littrell all *TURNED THEIR WEAPONS OF ABUSE OF AUTHORITY AS WELL AS RETALATED AGIANST* Abby Robinson just in a means to cause Vanessa J. Jones to be without using her U.S. Constitutional Rights, and during the pendency of Robinson representing Vanessa Jones.  As such, MS Bar shows a pattern of ***NOT ADMINISTERING JUSTICE with their own subdivision***.  This harm includes the right to hearings which is clearly established constitutional law and was established before the foreseen harm attached to plaintiffs.

39. Moreover the lawsuit at page [13] is comprehensive that the MS Bar Foundation knew from the July 7, 2025 intent to sue notice that Adam Kilgore, back in 2020

had a response to the informal complaint of a judge and Melissa Scott signed one of the documents as well, but the Mississippi Bar Foundation never administered justice to prevent the 2025 unconstitutional prosecutorial misconduct. The first line of administering justice was to prevent the foreseen harm as claimed in this lawsuit. Its clear and was clearly established in the lawsuit.

40. Plaintiffs contend that the Mississippi Bar could have administered justice by blowing the Whistle Blowers Act. They knew or should have known that their subdivision was performing established unconstitutional acts. As complained at pages 14-17 of the complaint and in plain understandable English. Therefore, MS Bar Foundation is attempting to use the motions opportunity as in Doc.[15], as a tool to expand the time to respond to the suit, and file a motion to dismiss for the same, further harming plaintiffs as claimed by the suit. The Law for a motion to dismiss holds: **We again spoke with one voice against efforts to expand pleading requirements beyond their appointed limits in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*,** 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Writing for the unanimous Court, Chief Justice Rehnquist ***rebuffed the Fifth Circuit's* effort to craft a standard for pleading municipal liability that accounted for "the enormous expense involved today in litigation,"** *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 954 F.2d 1054, 1057 (1992) (internal

quotation marks omitted), ***by requiring a plaintiff to "state with factual \*\*1982 detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity,***" 507 U.S., at 167, 113 S.Ct. 1160, 122 L.Ed.2d 517, (internal quotation marks omitted). ***We found this language inconsistent with Rules 8(a)(2) and 9(b) and emphasized that motions to dismiss were not the place to combat discovery abuse:*** "In the absence of [an amendment to Rule 9(b) ], federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id*., at 168–169, 113 S.Ct. 1160.

**Bell Atl. Corp. v. Twombly,** 550 U.S. 544, 584, 127 S. Ct. 1955, 1981–82, 167 L. Ed. 2d 929 (2007).  Additionally, the court has held that When deciding a Rule 12(b)(6) motion to dismiss, *"[t]he 'court accepts all well-pleaded facts as true,* viewing them in the light most favorable to the plaintiff.' "[16] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' "***In Bell Atlantic Corp. v. Twombly,*** the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss *does not need detailed* factual

allegations… However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Moreover, the Supreme Court has held that: Under rules of procedure that have been well settled since well before our decision in *__Theatre Enterprises,__* a judge ruling on a defendant's motion to dismiss a complaint "must accept as true all of the factual allegations contained in the complaint." *__Swierkiewicz v. Sorema N. A.,__* 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); see *Overstreet v. North Shore Corp.,* 318 U.S. 125, 127, 63 S.Ct. 494, 87 L.Ed. 656 (1943).*__Bell Atl. Corp. v. Twombly__*, 550 U.S. 544, 572, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007). Therefore, Plaintiffs have established, in their lawsuit, that Mississippi Bar Foundation is in fact a subdivision of the MS Bar and according to their own Charter had a duty to administer justice for the availing of the public interest but failed to do so starting with their own unconstitutional acts of the duty to uphold the U.S. Constitution.

## 30.<u>CONCLUSION</u>

Plaintiffs' claims are sought under the U.S. Constitution and just as recent as July 2025, even the **11th Circuit in case no. 24-10327** *__Marsha Mignott vs. State Bar of Georgia Foundation__*,  held that constitutional acts by a Bar Foundation and State

Bar, are governed by Federal Jurisdiction, constitutional violation which is governed by the Federal Law. Likewise, "ALL" Defendants are liable for their unconstitutional conduct as plead above and the matter should be scheduled for the CMO pursuant to the laws of U.S. Constitution. For clarity purposes exhibits 1-14 are attached as evidence of claims made and any differences of the exhibit number can be shown through the adopted complaint and response to the motion for a more definite statement.

## 31.**CAUSE OF ACTION**

32. *to **F.R.C.P. 8(a)(2): (a** …and(3) a demand for the relief sought, which may include relief in the alternative or different types of relief. And,  (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.(1) In General. **Each allegation must be simple, concise, and direct.*** [32]No technical form **is required**.*(2) Alternative Statements of a Claim or Defense*. A party may set out 2 or more statements of a claim *or defense alternatively or hypothetically, either in a single count or defense or in separate ones*. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.*(3) Inconsistent Claims or Defenses*. A party may state as many

---

[32] The bold or underlined elements are to remind the plaintiff that it aligns with the rules, and not shot gun styled, however, plaintiff must also be aware that there is no "technical form" of one complaint to another complaint.

<u>separate claims</u> *or defenses as it has, regardless of consistency.(e) Construing Pleadings. Pleadings must be* <u>construed so as to do justice.</u>

33. Also, the court stated that plaintiffs amended complaint is to follow **F.R.C.P.10: (b)** Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances

34. (c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.  Plaintiffs are aware of the commentary regarding rule 10 that states 2007 Amendment The language of Rule [10] has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

35. As stated in F.R.C..P.8,  All Defendants are liable for the injuries described in this lawsuit to include *U.S.C. SECTION 1983* authorizes this suit along ***with THE 1ST, 4TH, 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION including DUE PROCESS, RICO VIOLATIONS, RETALIATION, UNCONSTITIONAL VIOLATIONS OF RACE, SEX, and AGE DISCRIMINATION, PROSECUTORIAL MISCONDUCT,***

36. ***State Claims***:        FRAUD, MISUSE AND ABUSE OF A LEGAL

PROCEEDING, EXPARTE COMMUNICATIONS WITH A COURT[33] AND,

PROSECUTORIAL MISCONDUCT, also,

37. **State Claims** of  intentional infliction of emotional distress, negligent infliction

of emotional distress, physical, Invasion of Privacy and the Rights thereof harm,

property damage, negligent Emotional distress including the feeling of domestic

terrorism by the government, Embarrassment, Humiliation, Depression,

Insomnia, headaches, worry, fright and shock from the conduct of "all"

Defendants who swore to uphold the U.S. Constitution, as well as the Mississippi

Constitution, negligent hiring and retention(the MS Bar Foundation Charter

states that it administers justice including the MS Bar who apparently has conduct

that is not checked for accountability. This shown when there was a clear  conflict

of interest between the MS Bar and  "all defendants who was made aware of the

July 7, 2025 notice of claims.  The notice of claim made the Mississippi Bar

Foundation aware of Jeremy Birdsall's unconstitutional conduct of working for

the Mississippi Bar and High Rise Financial at all relevant times to the complaint,

Interfering with a Business, Slander, and Defamation[34] by  Birdsall, Melissa

---

[33] Plaintiffs' alleged that there appear to have been communications outside of plaintiffs' hearing with  a
specific court.  Plaintiffs are attempting to be cautious in speaking of the honorable judge Peterson, but the
emails sent from Jeremy Birdsall to the court, implies exparte communications.
[34] The court's order stated defamation as though this is not a state claim, so out of cautious Birdsall

Scott.  Also,  The MS Bar and the MS Bar Foundation connectivity for the lack
of administering justice in this matter allowed the  posting on social media, other
courts and out of line with the rules for a judgment confidential information as
shown in the attachment. Breach of Confidentiality, is for   Violation of
Mississippi Disciplinary Rules 4, 5, 5.2, 5.7 and 7.1. Birdsall, Melissa Scott, The
MS Bar and the MS Bar Foundation violated their own policy and procedures
and the attachments are the written policies and procedures as evidence of the
same, and the MS Bar Foundation is liable for the lack of administering justice
in this matter when they failed to administer justice and  hold "all" defendants
including the honorable Judge Peterson who is a fellow of the MS Bar,
administered for the justice of upholding the U.S. Constitution as well as the
Mississippi Constitution.   Further, Plaintiffs attempted again inform the
Mississippi Bar Foundation of unconstitutional issues with the  MS Bar Counsel,
Jeremy Birdsall, Melissa Scott and Kathyrn Littrell when plaintiff filed MS Bar
Complaints against Jeremy Birdsall, Melissa Scott and Kathyrn Littrell in early
December 2025, and shown by the Mississippi Bar notice of docket number dated
December 17, 2025 telling each one of them that there is a bar complaint against
them but to this date neither  the MS Bar Committee nor the MS Bar Foundation
has mailed any copy of an investigation thereof against neither of the persons
complained of.  It appears that the MS Foundation, as well as the Mississippi Bar

have checking accountabilities for the "foxes that guard the hens, without the expectations that the fox might eat a hen[35]", so to speak.  That conduct alone is unconstitutional.  No arm of the government can operate without guardrails, and this lawsuit tends to show that is the identical procedure of operations by all defendants in this case. Help is needed in this case, which is why this lawsuit is filed as a separate and distinct violations of Guaranteed U.S. Constitutional right of claims.  This court is obligated to hear cases involving the U.S. Constitution regardless of the parties to the complaint, the court should recognize that there are no exceptions for state agencies against the protections under the U.S Constitution.  As a result, the history of the U.S. precedent case laws reveal that U.S. Constitutional Court are obligated to uphold the promise in facts and law. Further, there is a current case law in the **11th Circuit in case no. 24-10327** **_Marsha Mignott vs. State Bar of Georgia Foundation_**,    that is most aligned with the identical issues before this court.

## 38. **PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

---

[35] The figurative language used in this sentence is to demonstrate to a jury how unchecked authority is dangerously harming the U.S. Constitutional Rights of its citizens.

**Enters a judgment in favor of Plaintiffs and against "All" Defendants in the amount to compensate the combined damages and injuries of plaintiffs.**

**Declare that All Defendants actions violated Plaintiff rights under** *with   THE 1ST, 4TH, 5TH, AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION including RICO, DUE PROCESS. RETALIATION, UNCONSTITIONAL VIOLATIONS OF RACE, SEX, and AGE DISCRIMINATION, PROSECUTORIAL MISCONDUCT, as well as each state claim sought in this complaint.*

Declare the unconstitutional conduct described hereto against the Honorable Judge Peterson as a declaratory judgment in favor of Plaintiffs and pursuant to Section 1983 and other applicable standards of law involving a MS Circuit Court in the State of Mississippi.

Declare that "All" Defendant(s)' actions violated Plaintiffs rights under and applicable to Federal Law and/or The United States Constitution.

Award compensatory damages in an amount to be determined at trial, for injuries including but not limited to economic loss, loss of property, and other legally cognizable damages); , treble, punitive, where permitted by law, to deter and

punish willful, malicious, or reckless misconduct), consequential, incidental damages.

Grant injunctive relief prohibiting Defendant(s) from continuing or repeating the unlawful acts complained of;

Grant declaratory relief clarifying the parties' rights and obligations under federal law, including that declaratory relief from the honorable court complained hereof;

Award reasonable attorney's fees and costs, pursuant to applicable statutes (e.g., 42 U.S.C. § 1988, 18 U.S.C. § 1964, or other governing law);

Award pre-judgment and post-judgment interest as allowed by law;

**Grant such other and further relief as the Court deems just and proper.**

**RESPECTFULLY SUBMITTED THIS THE 10TH DAY OF February, 2026**

**Abby Robinson Per Se, and Vanessa J. Jones Per Se litigants,**

**/s/Abby Robinson Esq.105157[36]**

**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**

**P.O. BOX 14**

**Jackson, Mississippi 39205**

---

[36] The law firms are included in the plaintiffs claims due to this same harm of unconstitutionality by the government actors acting under the color of the state has harmed them respectfully.

**Ph. 601-321-9343**

**Email: [arobinsonlawfirm@yahoo.com](mailto:arobinsonlawfirm@yahoo.com)**

 And [Vanessajjlawoffice@gmail.com](mailto:Vanessajjlawoffice@gmail.com)

Pro Se Litigants,

39.**CERTIFICATE OF SERVICE**

The undersigned hereby files with the clerk of the court the following pleading in accordance with the rules of F.R.C.P. and the clerk shall distribute to all parties involved.

Respectively Submitted this the 10th day of February, 2026

**ALL, Plaintiffs Abby Robinson Pro Se, et.al**

**Plaintiffs Vanessa J. Jones Pro Se, et.al**

**MS BAR FOUNDATION,**

**MS BAR Counsel,**

**Jeremy Birdsall, Melissa Scott, Kathyrn Littrell individually and professional capacity**

**There are no pages past page 41.**