**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ABBY ROBINSON,** *et al.* **PLAINTIFFS**

**v.** **No. 3:25-cv-976-KHJ-BWR**

**STATE BAR OF MISSISSIPPI FOUNDATION,** *et al.* **DEFENDANTS**

**REBUTTAL BRIEF IN SUPPORT OF DEFENDANT MISSISSIPPI BAR FOUNDATION'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT'S ORDER AND FOR FAILURE TO STATE A CLAIM**

Plaintiffs' Amended Complaint did not cure the pleading ills identified by this Court in its Order [33]. The new pleading does not state a cognizable claim against the Mississippi Bar Foundation. For either reason, this Court should dismiss the Foundation from this action.

**ARGUMENT**

1. ***Plaintiffs did not comply with this Court's Order.***

This Court gave Plaintiffs an opportunity to clearly state their allegations in compliance with Rules 8 and 10. Plaintiffs did not make use of their second chance. Their new pleading is only slightly more comprehensible than their first edition and falls short of the basic pleading requirements. In their Response [47] and Brief [48], Plaintiffs offer no excuse for their failure to clearly plead in a manner sufficient to permit the Foundation to respond. This Court should dismiss Plaintiffs' claims against the Foundation under Rule 41(b).

2. ***The Amended Complaint fails to state a claim against the Foundation.***

Plaintiffs have failed to provide any support for the duty they seek to impose on the Foundation. The Mississippi Legislature has not delegated any responsibility to the Foundation, a private entity, to "administer justice" in Mississippi. To the contrary, the Mississippi Constitution gives that authority to the judicial branch. *See* Miss. Const. Art. 1, § 1, and Art. 6, § 144. The

Legislature has also provided for the creation of the Mississippi Bar and the assignment of disciplinary authority to the Mississippi Supreme Court.

Fellows in the Foundation are also members of the Mississippi Bar. But all members of the Mississippi Bar are not Fellows in the Foundation. The Foundation is a separate 501(c)(3) entity that uses funds (primarily from IOLTA accounts) for eleemosynary purposes, such as improving the administration of justice and elevating judicial standards.

The Foundation has no legal authority or duty to administer justice. This Court should dismiss the Foundation from this action under Rule 12(b)(6).

## CONCLUSION

This Court should dismiss the Foundation from this action.

THIS, the 26th day of February 2026.

           Respectfully submitted,

           **MISSISSIPPI BAR FOUNDATION, INC.**

           */s/ J. Cal Mayo, Jr.*
           J. CAL MAYO, JR. (MB NO. 8492)
           PAUL B. WATKINS, JR. (MB NO. 102348)
           *Attorneys for Mississippi Bar Foundation, Inc.*

OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road, Suite 200
Oxford, Mississippi 38655
Tel: (662) 236-0055
*cmayo@mayomallette.com*
*pwatkins@mayomallette.com*