IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **ABBY ROBINSON, individually,** | **PLAINTIFFS** |
| **ABBY ROBINSON & ASSC.** | |
| **LAW FIRM PLLC, VANESSA JONES, individually,** | SOUTHERN DISTRICT OF MISSISSIPPI FILED |
| **VANESSA J JONES & ASSOCIATES LLC,** | MAR 13 2026 |
| And on behalf of all others similarly situated | BY ARTHUR JOHNSTON DEPUTY |

Versus                                    CASE NO.3:25-cv-<u>976-KHJ-BWR</u>

**STATE BAR OF MISSISSIPPI FOUNDATION**        **DEFENDANTS**

**STATE BAR OF MISSISSIPPI OFFICE OF**

**GENERAL COUNSEL,**

**JEREMY LUKE BIRDSALL, individually and in his official capacity**

**MELISSA SELMA SCOTT, individually and in her official capacity,**

**KATHRYN LITTRELL individually and in her official capacity**

**Honorable Judge Faye Peterson (Declaratory Judgment Only)**

**John and/or Jane Doe**

**John Doe Company[s]**

---

**PLAINTIFFS urgent and necessary NOTICE OF SUPPLEMENTAL FACTS**

**COMES NOW,** Plaintiffs and files this urgent and necessary notice of supplemental facts to support inter alia, the violation by the government under the

1

1st, 14th Amendments as well as RICO violations by the Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company pursuant to laws.

As a result, Plaintiffs request that the court take judicial notice of facts provided in keeping with these facts are filed in state court which is available to the public and these facts tend to support plaintiffs U.S. Constitutional claims under the 1st, 14th Amendments as well as the RICO pattern of OVERT ACTS that are continued by the Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company through their actions to include the clerk of the court of Mississippi and all of their powers and authority given to them under the sworn oath to uphold the U.S. Constitution.

As such, Plaintiffs submit the following evidence to the court that was just exemplified to the plaintiffs today, March 12, 2026 through an order by the

Mississippi Supreme Court denying plaintiff Abby Robinson, hereafter, Robinson, the right to appeal, essentially access to the appeals court.

1. Plaintiff Robinson filed a timely appeal in state court, and immediately thereafter she filed an emergency motion to stay the matter pending appeal.

2. However, the court after sitting on the emergency motion for over a month, entered an order giving the MS Bar [10] days to respond to the motion. The MS Bar then filed a motion to dismiss for lack of jurisdiction and began to argue its merits of the case.[1]

3. But Before any motion to dismiss for lack of jurisdiction was filed, the clerk of the Court of Mississippi, signed by the Honorable Jeremy Whitmire, see **ex. 1**. Filed an estimated cost of appeal on January 15, 2026, thereby showing that Robinson paid the timely and proper filing fee, designated records, numbering indexing fee, Bindery Fee, COURT REPORTER'S ESTIMATED COST, the amount paid to date, and the total estimate cost due by appellant. Robinson paid the same day.

4. Appellant Robinson avers that there is no mention of any bond, (supersedeas or otherwise on that official document.

---

[1] This is relevant in order to give the constitutional violations, not to argue the actual merits of the case but to show how the fraud upon the court occurred.

3

5. Second, the Court Reporter's fee of $493.50 is twice what the actual fee cost, but more importantly, the court report, at **Ex. 2.** Stated that Brooks Court Reporting *was SENT to the Honorable Jeremy Whitmire on January 14, 2026.*

6. However, Honorable Jeremy Whitmire filed an electronic notice on the record on January 13, 2026 saying that the transcript due date is 03/16/2026. Please see **Ex. 3. It is worth noting to the District Court in this case, that at no time on the record did the clerk amend the notice that it received the record the next day January 14, 2026** see exhibit 2; which births this notice for the fraudulent road map to induce the dismissal of the appeal.

7. Additionally, the clerk of the Court of Mississippi did not show any supersedeas bond requirement and dismissed the appeal based on failure to adhere to M.R.D. 12, although the tribunal said, even if paid they would deny the motion to stay, not to mention the clerk of the court NEVER included any bond in the cost to appeal. However, once the order from the Court was entered that the motion to stay failed to adhere to M.R.D. 12, Robinson immediately paid the same to the MS Bar and Melissa Scott informed Appellant that another $147, which was also paid immediately. Appellant also sought a reinstatement of the appeal, the emergency motion to stay and an emergency motion to re-open the record so that the proper accounting of

records was revealed. Also, informed the court that no such bond was on the cost to appeal.[2] was outstanding for a total amount of $675.

8. However, as of today, March 12, 2026, the Mississippi Supreme Court entered an order denying appellants the right to address the court on appeal. The MSCT denied the reinstatement of a technical matter that was the court of the clerk failure, the emergency motion to stay, as well as re-opening the record for proper recordation. Please **see Ex.4.**

9. **"STATE COURT TRAP"**, to file a motion to dismiss under lack of jurisdiction for a technical failure, while the court of the clerk of Mississippi complies by not giving any notice of any bond due violated Fairness. In fact, Plaintiffs believe they will show that there was conversation exchange between these unconstitutional lawyers for the state, in an effort to set the trap. The issues in this description is that Plaintiffs have a federal lawsuit claiming 1st, 14, Amendment violations as well as RICO corruption violations and plaintiffs contend that the evidence provided shows that the MSCT seems to have been defrauded by the OVERT ACTS of Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and

---

[2] It would make no logical reasoning why appellant would not protect its interest on appeal due to a technical $675 when all the other monies were paid, and timely as sought by the clerk.

5

Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company, when they on January 13, 2026 to this date March 12, 2026 conspired to SHAM as part of the racketeering enterprise the State Court with a motion to dismiss under jurisdiction[3].

10. First the Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company MS Bar, The Bar and the Clerk of the Court of Mississippi waited until AFTER Robinson paid the costs to suddenly raise the bond issue-coupled with the nearly [3] month delay in the transcript notice, please see **ex. 2. Plaintiff contends that this demonstrates the coordinated effort to BLOCK Robinson's appeal. This conduct violates the right to appeal.**

11. Appellant avers that the transcript was intentionally withheld to **"trigger a FAKE DISMISSAL"**, and that is fraud on the court, which violates appellant's right to appeal to the only court that could hear t he facts of the matter on

---

[3] Although MS Supreme Court has exclusive jurisdiction, and this case nor this notice is intended to argue the merits of that case, rather to show the U.S. Constitutional violations by the actors.

appeal. As a result, these defendants will likely attempt to argue that the FULL FAITH AND CREDIT Clause because the judgment of denying a timely and properly filed appeal to the only jurisdiction court, MSCT, was obtained through extrinsic fraud, although Robinson has sought a motion to reconsider.

12. In deed the Rooker-Feldman Doctrine, which typically stops federal courts from reviewing state court claims, will not be applicable in a fraud to the court to deny U.S. Constitutional claims, there is an exception with fraud upon the court.

13. The U.S. Constitution under Equal Treatment of the law prohibits technicalities to prevent an appeal. In fact, exhibits 2 and 3 shows that the Clerk of the court of Mississippi intentionally failed to list any bond requirement and since the matter was cured immediately, there was no reason for Robinson to be denied the right of appeal to the MSCT

14. Robinson contends that this strategic move by the Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company violate Due Process and the U.S. Supreme Court under 42 U.S.C. Section 1983 holds that constitutional claims may be brought for fraudulently denying

a person to access to the court  Moreover, Due Process violations are Overt when a court arbitrarily dismiss an appeal based on a fee that was never requested by the clerk of the court, even though in this case, the fee of $675 was paid immediately

15. Robinson contends that the fee of bonding of $675 was intentionally withheld to TRIGGER A FAKE DISMISSAL, which violates further Due Process Fairness under the U.S. Constitution.

16. Under the Equal Protection Act, this plaintiff should have been given the same effect of equitable tolling of the appeal, but because of the intentional fraud to prevent the corruption of government officials, the appeal was denied reinstatement, even with complying to the court's order. This is not Fair under the 1st, and 14th U.S. Constitutional Amendments.

17. The U.S Constitution 1st amendment promises the right to address the court. However, and due to fraud to the court, Robinson's right to appeal was denied, and that is the only court with exclusive jurisdiction for the appeal that is violated under the U.S. Constitution.

18. As such, the 1st and 14th Amendment of the U.S. Constitution creates an independent federal claim regardless of what state court actors conduct systemically defrauds the court.

19. The U.S. Supreme Court has held that while Clerks of the Court have immunity for tasks a judge orders them to do, they do not have immunity for "Ministerial Duties". Case citation omitted. Ministerial vs. Judicial Acts. The Clerk of the Court only enjoys qualified immunity ***Holloway v. Walker***, 790 F.2d 1170 (5th Cir. 1986).

20. In this case, Plaintiff believes that Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company will try to use Rooker Feldman doctrine to say the federal court cannot consider a "sham" based on the coordinated efforts of deceit when that is the very nature of the U.S. Constitution amendments; citation omitted ***Truong v. Bank of America***, 717 F. 3d 377, 383 (5th Circuit).

21. Additionally, the rule is that the 5th Circuit clarified that Rooker-Feldman Act does not bar a federal lawsuit if the plaintiff challenging the actions of defendants such as Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and

in his official capacity and John Doe Company tricking plaintiffs and the court.

22. **"Procedural trap"**, that is what was done by Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company, as similarly done in ***Ryland v. Shapiro*** 708 F. 2d 967, 972 (5th Cir. 1983).

23. Additionally, The law of fairness holds that **"INTERFERENCE** with the right to access to the courts" by state officials is a violation of Due Process under 42 U.S.C. Section 1983.

24. The misleading of the fees or payment of a bond fee is a procedural trap used by Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company to violate Due Process and such Fraud was perpetrated through electronics under the Fraud 18 U.S.C. Section 1341, and its simply unconstitutional and unfair of unequal treatment in law.

25. Therefore, to recap this notice of supplemental facts, Plaintiff Robinson shows the court.

(a) Ex. 1 the bond trap.

(b) Ex. 2 the transcript deceit

Thereby showing that fairness in adjudication under the U.S. Constitution with the **OVERT ACTS** OF Mississippi Bar Foundation, Mississippi Bar Counsel, Jeremy Luke Birdsall, individually and in his official capacity, Melissa Selma Scott individually and in her official capacity, and Kathyrn Littrell individually and in her official Capacity, as well as John Doe, individually and in his official capacity and John Doe Company is illuminated to this date March 12, 2026 and the U.S. District Court likely has an interest in claims against government sworn attorneys who are intentionally violating the U.S. Constitution. Otherwise, citizens of Mississippi really have no hope of fairness in court proceedings.

**RESPECTFULLY SUBMITTED THIS THE 13TH Day of March, 2026**

Abby Robinson Per Se, Per Se litigants,
**ABBY ROBINSON & ASSOCIATES LAW FIRM PLLC.**
P.O. BOX 14
Jackson, Mississippi 39205
Ph. 601-321-9343
Email: arobinsonlawfirm@yahoo.com

Pro Se Litigants,

## CERTIFICATE OF SERVICE

The undersigned hereby files with the clerk of the court the following pleading in accordance with the rule and the clerk shall distribute to all parties involved.

Respectively Submitted this the 12th day of March

Abby Robinson Pro Se, et.al

**MS BAR FOUNDATION,**

**MS BAR Counsel,**

Jeremy Birdsall, Melissa Scott, Kathyrn Littrell individually and in their professional capacity