# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**ABBY ROBINSON, individually,**                    **PLAINTIFFS**

**ABBY ROBINSON & ASSC.**

**LAW FIRM PLLC, VANESSA JONES, individually,**

**VANESSA J JONES & ASSOCIATES LLC,**

**And on behalf of all others similarly situated**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 17 2026
ARTHUR JOHNSTON
BY _____ DEPUTY

**Versus**                    **CASE NO.3:25-cv-976-KHJ-BWR**

**STATE BAR OF MISSISSIPPI FOUNDATION**                    **DEFENDANTS**

**STATE BAR OF MISSISSIPPI OFFICE OF**

**GENERAL COUNSEL,**

**JEREMY LUKE BIRDSALL, individually and in his official capacity**

**MELISSA SELMA SCOTT, individually and in her official capacity,**

**KATHRYN LITTRELL individually and in her official capacity**

**Honorable Judge Faye Peterson (Declaratory Judgment Only)**

**John and/or Jane Doe**

**John Doe Company[s]**

---

**PLAINTIFFS MEMORANDUM IN SUPPORT OF THIS  MOTION FOR
THE ENTRY OF A SCHEDULIING ORDER PURSUANT TO  LOCAL
UNIFORM RULE [16] ORDER, and  F.R.C.P. [16] AS TO THE ANSWERED
(amended complaint Doc.50) BY THE STATE ACTORS, DEFENDANT, THE
HONORABLE MS BAR or IN THE ALTERNATIVE PERMISSION FROM**

1

## THE COURT TO MOVE INTO DISCOVERY AGAINST THE HONORABLE MS and A STATUS CONFERENCE

1. **COMES NOW,** Plaintiffs and moves this court for an order to begin discovery under Loc. R. [16], and F.R.C.P. [16] against the MS Bar since they have answered the amended suit.  Plaintiffs seeks this motion in good faith and with <u>caution not to frustrate</u> the court but to be mindful of the Loc Rule [16], and F.R.C.P.[16] in advancing the answered Defendant, the MS Bar.  In the alternative, plaintiff is attempting to request for the court's consent to begin the litigation with discovery, (toward the answered defendants), and in the pendency of the Defendant, the Mississippi Bar Foundation pending motion to dismiss which is currently before this court.

**F.R.C.P. Rule 1 Requires the Just, Speedy, and Inexpensive Determination of This Action.** Rule 1 of the Federal Rules of Civil Procedure tends to mandates that: "These rules… should be construed, administered, and employed… to secure the just, speedy, and inexpensive determination of every action." Plaintiffs accepts that to mean that if the court allowed this case to remain idle due to a pending motion to dismiss by Defendant, The Mississippi Bar Foundation, although, the Mississippi Bar Defendant has answered the amended complaint, might contravene this mandate. Therefore, the motion here is substantiated in law.

2

2.  Here, F.R.C.P. [1] supports this motion because the MS Bar has answered the amended complaint on 02/24/2026 at Doc.[50], while the MS Bar Foundation has a pending motion to dismiss, Rule [1] supports: Proceeding with **discovery or scheduling to** Preventing one party from **stalling the entire case, and** Asking the court to **set deadlines or a status conference.**

3.  **Fifth Circuit has well established that a stay is not Automatic pending another defendant's motion to dismiss.** A Pending Motion to Dismiss Does Not Automatically Stay the Case. A stay of proceedings is not automatic and requires a clear showing of hardship or inequity. *__Landis v. North American Co.__*, 299 U.S. 248, 255 (1936). Further, the Fifth Circuit has made clear that stays must be justified by pressing need and are not to be granted as a matter of course. *__Wedgeworth v. Fibreboard Corp.,__* 706 F.2d 541, 545 (5th Cir. 1983). Plaintiffs contend that **Landis v. North American Co., 299 U.S. 248, 255 (1936).** A party seeking delay "must make out a **clear case of hardship or inequity** and a pending motion to dismiss **does not automatically stay the case,** especially as to other defendants.

4.  In this case, the Mississippi Bar answered the amended complaint, therefore, the claims against them are ripe for moving the case forward.

5.  Rule 16. (a) (b) *PRETRIAL CONFERENCES* Court Order. The court will issue an Initial Order setting the deadline for the attorney conference required

3

by FED. R. CIV. P. 26(f) and a date for a case management conference [CMC] with the magistrate judge. The court will strive to set the case management conference within 60 days of the filing of the first responsive pleading.

6. Accordingly, F.R.C.P. 16 HOLDS: *Pretrial Conferences; Scheduling; Management*

(a) Purposes of a Pretrial Conference. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

(1) expediting disposition of the action.

(2) establishing early and continuing control so that the case will not be protracted because of lack of management.

(3) discouraging wasteful pretrial activities.

(4) improving the quality of the trial through more thorough preparation; and

(5) facilitating settlement.

(b) Scheduling and Management.

(1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:

(A) after receiving the parties' report under Rule 26(f); or

(B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

(2) *Time to Issue.* The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

(3) *Contents of the Order.*

(A) *Required Contents.* The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.

(B) *Permitted Contents.* The scheduling order may:

(i) modify the timing of disclosures under Rules 26(a) and 26(e)(1);

(ii) modify the extent of discovery;

(iii) provide for disclosure, discovery, or preservation of electronically stored information;

(iv) include the timing and method for complying with Rule 26(b)(5)(A) and any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502;

(v) direct that before moving for an order relating to discovery, the movant must request a conference with the court;

(vi) set dates for pretrial conferences and for trial; and

(vii) include other appropriate matters.  5th Circuit holds in S&W Enters. V. SouthTrust Bank, 315 F.3d 533, 536 (5th Cir.2003) Rule 16(b) governs amendments of pleadings after a scheduling order deadline has expired.  In determining whether the district court's refusal to grant an untimely motion to amend pleadings was an abuse of discretion, the court of appeals will consider (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing amendments; and (4) the availability of a continuance to cure such prejudice. (internal quotes omitted.

7.  As such, Plaintiffs respectfully ask the court to address this motion.

8.  Moreover, Local Rule 16. (a) (b) PRETRIAL CONFERENCES Court Order.

*The court will issue an Initial Order setting the deadline for the attorney*

*conference* required by FED. R. CIV. P. 26(f) and a date for a case

management conference [CMC] with the magistrate judge …..(c) A case management conference will be scheduled within 60 days of the order lifting the stay. Submission of Written Proposed Case Management Plan and Scheduling Order. The magistrate judge may require the parties to submit a proposed case management order no later than 14 days after the attorney conference. [See Official Form No. 1]. Disagreements with the content of the proposed case management order must be noted on the submitted written plan. Each party must submit to the magistrate judge a confidential memorandum, no longer than three pages, setting forth a brief explanation of the case and a candid appraisal of the prospective positions of the parties, including a candid evaluation of the possibilities for settlement. (d) (e) (f) (g) Time of Disclosures. Unless a different time is set by court order or unless a party objects during the attorney conference and states the objection in the proposed case management order, the parties must make the disclosures required by FED. R. CIV. P. 26(a) [L.U. Civ. R. 26.1(a)(1)], no later than 14 days after the attorney conference, but in no event may they be made later than seven days before the case management conference. Case Management Conference. On the date set by court order, the magistrate judge will hold a case management conference in accordance with FED. R. CIV. P. 16(b) and 26(f).

6

9.   Plaintiffs are attempting to ensure that they do not frustrate the court's directions and intentions as regards the Loc. Uniform Rule 16 and F.R.C.P. 16, rather cautious in proper record keep by plaintiffs to demonstrate moving forward with the MS Bar State Actors who have answered the complaint. Also, because the rules states that the court "may" issue the attorney conference and scheduling order, this motion is necessary for plaintiff to comply and prevent to prevent any foreseeable issues in the procedural aspect of this case.

10.  Plaintiffs avers that a status conference order will ensure that the records are kept in order of the F.R.C.P. and Loc. Rules as well as the U.S. Constitution of Due Process.

## CONCLUSION

11. Based on all of the foregoing reasons and facts, Plaintiff respectfully request that this court grants the motion in equity and justice as the law mandates.

**RESPECTFULLY SUBMITTED THIS THE 17ᵀᴴ Day of March, 2026**

**Abby Robinson Per Se,  Per Se litigants,**
**P.O. BOX 14**
**Jackson, Mississippi 39205**
**Ph. 601-321-9343,**
**Email:** arobinsonlawfirm@yahoo.com
**Pro Se Litigants,**

## CERTIFICATE OF SERVICE

The undersigned hereby files with the clerk of the court the following pleading

in accordance with the rule and the clerk shall distribute to all parties

involved.

Respectively Submitted this the 17th day of March, 2026

Abby Robinson Pro Se, et.al

MS BAR FOUNDATION,

MS BAR Counsel,

Jeremy Birdsall, Melissa Scott, Kathyrn Littrell individually and in their professional capacity