# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**ABBY ROBINSON, individually,**                          **PLAINTIFFS**

**ABBY ROBINSON & ASSC.**

**LAW FIRM PLLC, VANESSA JONES, individually,**

**VANESSA J JONES & ASSOCIATES LLC,**

**And on behalf of all others similarly situated**



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 17 2026
ARTHUR JOHNSTON
BY_____ DEPUTY

**Versus**                          **CASE NO.3:25-cv-976-KHJ-BWR**


**STATE BAR OF MISSISSIPPI FOUNDATION**        **DEFENDANTS**

**STATE BAR OF MISSISSIPPI OFFICE OF**

**GENERAL COUNSEL,**

**JEREMY LUKE BIRDSALL, individually and in his official capacity**

**MELISSA SELMA SCOTT, individually and in her official capacity,**

**KATHRYN LITTRELL individually and in her official capacity**

**Honorable Judge Faye Peterson (Declaratory Judgment Only)**

**John and/or Jane Doe**

**John Doe Company[s]**

---

**PLAINTIFFS' Emergency and Necessitus MOTION TO CLARIFY FILING PROCEDURES AND TO ENSURE DOCKETING OF ALL SUBMISSIONS AND TO INSTRUCT THE CLERK TO REMOVE THE UNCONSTITUTIONAL VIOLATIONS UNDER EQUAL PROTECTION FILING RESTRICTIONS AS SHOWN IN EX.[1] AS WELL AS TO**

## COMPEL DOCKETING OF ALL SUBMISSIONS FOR PROPER RECORD KEEPING

---

**COMES NOW,** the Plaintiff, Abby Robinson individually and on behalf of her company Abby Robinson Law Firm, proceeding pro se, and respectfully moves this Court to clarify filing procedures and ensure that the clerk of this court submits each and every filing conventionally filed on behalf of plaintiff Abby Robinson, Abby Robinson & Associates Law Firm as well as all the Plaintiffs in this action in order to make certain that all submissions are properly docketed for this court's review and consideration, and without being oppressed for a first review by the clerk of the court.[1]

2. Such need for the U.S. District Court of the Southern District of Mississippi is not U.S. Constitutional or lawful and seems to violate Equal Protection Disparate treatment.

3. **1. Background:** Plaintiff Abby Robinson and Abby Robinson Law Firm are pro se litigants and required to file conventionally.(paper filings instead of electronic filings.

---

[1] The docket sheet shows that on 3/13/2026 the clerk of this court made [3] entries to flag filing by Plaintiff Abby Robinson as a pro se filer, and the staff note specifically says "per the directions of the Clerk of Court. See Ex.[1].

4. Upon review of the docket, after a filing today, Robinson observed [3] Clerk Office Entry dated March 13, 2026, the same day that Robinson filed entry [52] on the record.

5. This Docket Entry(it does not say that it is a docket entry), notation does not appear as an Order of the Court and is not signed or entered by Court as an order, instead, it says "per directions of the clerk of the court." Therefore, there is a good faith need for the court to clarify on the record any lawful rule and law that the Clerk of the Court can decide what documents can be filed in this case, and why is the clerk deliberately flagging plaintiff Robinson conventional filings.

6. Plaintiffs are not objecting to ministerial review by the Clerk for those marks that in compliance with procedural or formatting requirements (each document conventionally filed includes a written blue ink signature), and meets the requirements for filing in the court .

7. However, the notations reflects limitation and markings in the docket that are different from any other civil case pro se filings and looks to exhibit plaintiff as being in need of the clerk to see if plaintiff can file the document. That's unfair and violates equal protection disparate treatment, as such, the court's clarification and removal of the flagged notations should be removed.

8. Plaintiffs contend that any system that conditions the filings or docketing of pleadings upon the Clerk of the Court Review for acceptance tends to give the Clerk of the Court discretionary review raises concerns regarding access to the Court under the 1st and 14th U.S. Constitution Amendments.

9. Plaintiff does not desire to frustrate the court or abuse the resources of the court, the U.S. Constitution promises fair and equal protection under the law and plaintiffs interpretation of Filing Restrictions, would Require Judicial Authorization and Due Process.

10. Upon review, The United States Court of Appeals for the Fifth Circuit has made clear that restrictions on *a litigant's ability to file pleadings must be imposed by a court and only after appropriate procedural safeguards:* ***Baum v. Blue Moon Ventures,*** *LLC,* 513 F.3d 181, 189 (5th Cir. 2008):"[A] court must not impose a prefiling injunction without notice and an opportunity to be heard."

11. Not to over stretch the issues but plaintiff believes that the Clerk's Authority is Ministerial, Not Adjudicative, meaning the Clerk of Court performs a ministerial function and does not possess authority to impose substantive limitations on a litigant's access to the Court absent judicial direction.

4

**12**. To the extent *filings are screened beyond procedural compliance*, plaintiff avers that such action would exceed ministerial authority and effectively operate as an unauthorized filing restriction.

13. Plaintiff contends that Federal Rules Require Open Access and Efficient Case Progression. Rule 1 of the Federal Rules of Civil Procedure mandates that: "These rules... should be construed, administered, and employed... to secure the just, speedy, and inexpensive determination of every action."Any procedure that delays or conditions the filing of pleadings undermines this mandate.

14. The Court Has a Duty to Exercise Its Jurisdiction and Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them: ***Colorado River Water Conservation District v. United States***, 424 U.S. 800, 817 (1976).

15. In this case, there is an unexplained barriers to filing interfere with that obligation and the orderly progression of the case, and this barrier tends to flag plaintiff Robinson's right to equal protection.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that this Court Clarify the meaning and scope of the Clerk's notation that filings will be "accepted upon review";

Ask the Clerk of the Court to remove the restriction notation and treat this case as any other pro se litigation in following the U.S. Constitution.

Determine whether any filing restriction has been imposed and, if so, set forth the legal basis, scope, and justification in a formal Order; and

Grant such other and further relief as the Court deems just and proper.

**Due to the nature of this motion, plaintiff respectfully request that the separate memorandum requirement be lifted, as the defendants have requested in other motions.**

**RESPECTFULLY SUBMITTED THIS THE 17TH Day of March, 2026**

**Abby Robinson Per Se,  Per Se litigants,**

**P.O. BOX 14**

**Jackson, Mississippi 39205**

**Ph. 601-668-6400**

**Email:** arobinsonlawfirm@yahoo.com

abbybuildings@yahoo.com

**Pro Se Litigants,**

## CERTIFICATE OF SERVICE

The undersigned hereby files with the clerk of the court the following pleading in

accordance with the rule and the clerk shall distribute to all parties involved.

**Respectively Submitted this the 17th day of March, 2026**
 **Abby Robinson Pro Se, et.al**


**MS BAR FOUNDATION,**

**MS BAR Counsel,**

**Jeremy Birdsall, Melissa Scott, Kathyrn Littrell individually and in their professional capacity**