IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY ROBINSON, *individually;*
ABBY ROBINSON & ASSC. LAW FIRM PLLC;
VANESSA JONES, *individually;* VANNESSA
J JONES & ASSOCIATES LLC, *And on behalf of all*
*others similarly situated*                                   **PLAINTIFFS**

V.                                    CIVIL ACTION NO. 3:25-CV-00976-KHJ-BWR

STATE BAR OF MISSISSIPPI FOUNDATION, et al        **DEFENDANTS**

### ORDER DIRECTING ABBY ROBINSON & ASSC. LAW FIRM PLLC AND VANESSA J JONES & ASSOCIATES LLC TO OBTAIN COUNSEL AND VANESSA JONES TO OBTAIN COUNSEL OR INFORM THE COURT OF HER INTENT TO PROCEED PRO SE

This matter is before the Court *sua sponte* on Abby Robinson's suspension from the practice of law in this Court under Local Uniform Civil Rule 83.1(c)(2). Because Abby Robinson is suspended from practicing law, she can no longer represent Plaintiffs Abby Robinson & Assc. Law Firm PLLC, Vanessa Jones, and Vanessa J Jones & Associates LLC as legal counsel. Plaintiffs Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC will be given a deadline of **May 4, 2026,** to have substitute counsel enter an appearance. Plaintiff Vanessa Jones's deadline to inform the Court if she will retain new counsel or represent herself is **May 4, 2026**.

While it is established that individuals have a statutory right to represent themselves under 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"), the same is not so for corporations, limited liability companies, and associations because they are not natural persons. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent

1

himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

Corporations, limited liability companies, and associations are fictional legal persons who can only plead and conduct their case through licensed counsel. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *Donovan v. Rd. Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981).

Courts have uniformly held that 28 U.S.C. § 1654 does not allow corporations, partnerships, limited liability companies, or associations to appear in federal court other than through a licensed attorney. *Memon,* 385 F.3d at 873; *Minority Farmers Ass'n v. Mississippi,* No. CIVA.3:09-CV-106-DPJ-JCS, 2009 WL 1658482, at *2 (S.D. Miss. June 11, 2009) ("As an association with multiple members, Minority Farmers is not capable of representing itself. While Plaintiff Dillon may represent himself, he is prohibited from representing Minority Farmers or the other individual plaintiffs in this action.") (citations omitted); *BMO Harris Bank N.A. v. LNM Enters. LLC*, No. 1:23-CV-59-LG-RPM, 2023 WL 8452781, at *2 (S.D. Miss. Sept. 29, 2023) ("Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear *pro se* or through a non-attorney in federal court.") (citation and internal quotation marks omitted); *see also Hill v. Cobb*, No. 3:13CV0045–A–A, 2013 WL 12304066, at *2 (N.D. Miss. May 20, 2013) (finding that if defendant Cobb Bail Bonding Company was "a

2

separate legal entity," including "a corporation, association, partnership, a limited liability company or other such legally separate entity . . . that enjoys a legal existence apart from Ms. Cobb, it must obtain licensed counsel"); *Express Grain Terminals, LLC v. Royal Palms Ranch Starke, LLC*, No. 4:19-CV-146-DMB-RP, 2023 WL 6453475, at \*1 (N.D. Miss. Oct. 3, 2023) (dismissing plaintiff's claims "[b]ecause Express Grain failed to retain substitute counsel and, as a limited liability company, cannot proceed with its claims in this case without counsel");

While Plaintiff Abby Robinson may continue to represent herself, Plaintiffs Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC cannot plead or conduct their own case without licensed counsel. To ensure that Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC are not laboring under a misconception about the possible consequences of proceeding without counsel, both Plaintiffs will be provided an opportunity to retain substitute counsel. Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC are warned that they must have substitute counsel enter an appearance on their behalf on or before **May 4, 2026**. *See Memon,* 385 F.3d at 874 ("In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case."); *see also Donovan,* 736 F.2d at 1005 (finding district court properly struck defenses after corporate representative declined to hire counsel to represent the corporation).

The Court reminds Plaintiffs Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC that they cannot conduct their case without licensed counsel. *See Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2017 WL 10110911, at *1 (S.D. Miss. Sept. 21, 2017) ("It is well-settled that business associations must be represented by a licensed attorney in order to appear in federal court.").

**IT IS, THEREFORE, ORDERED** that Plaintiffs Abby Robinson & Assc. Law Firm PLLC and Vanessa J Jones & Associates LLC are given a deadline of **May 4, 2026** to have substitute counsel enter an appearance.

**IT IS, FURTHER, ORDERED** that Plaintiff Vanessa Jones's deadline to retain new counsel or inform the Court that she will be representing herself is **May 4, 2026**.

**SO ORDERED**, this the 21st day of April, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE