## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

ABBY ROBINSON, *individually;*
ABBY ROBINSON & ASSC. LAW FIRM PLLC;
VANESSA JONES, *individually;* VANESSA
J. JONES & ASSOCIATES LLC, *And on behalf of all*
*others similarly situated*                                      PLAINTIFFS

V.                                         CIVIL ACTION NO. 3:25-CV-00976-KHJ-BWR

STATE BAR OF MISSISSIPPI FOUNDATION, et al.          DEFENDANTS

### ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the Motion [72] for Reconsideration of this Court's Order [61] filed by Plaintiff Abby Robinson. Having considered the Motion [72] and the applicable law, the Court finds that the Motion should be denied.

In its Order [61] entered on April 21, 2026, the Court ordered that Plaintiffs Abby Robinson & Associates Law Firm PLLC (hereafter the "Robinson Law Firm") and Vanessa J. Jones & Associates LLC retain substitute counsel to enter an appearance on their behalf or before May 4, 2026, and that Plaintiff Vanessa Jones inform the Court whether she will retain new counsel or represent herself by May 4, 2026. In compliance with the Court's Order, attorney Kenya D. Brooks entered an appearance on behalf of Vanessa J. Jones & Associates LLC and Vanessa J. Jones individually. *See* Notices of Appearance [74][75].

Rather than retaining counsel on behalf of the Robinson Law Firm, Plaintiff Abby Robinson filed an "Objection to Court's Order Doc. [61] or in the Alternative for the Court to Hold its Order Doc. [61] in Abeyance", which the Court construes as a

motion for reconsideration. Abby Robinson lists numerous objections to the Court's Order [61] and essentially requests the Court to reconsider its ruling. In the alternative, Abby Robinson requests the Court to "hold the order in abeyance while Robinson proceeds through litigation." Mot. [72] at 11.

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Osborne v. Rocket Mortg., LLC*, No. 2:24-cv-101-TMB-RPM, 2025 WL 3543643, at *2 (S.D. Miss. Dec. 10, 2025) (quoting *Adger v. TA Operating, L.L.C.*, No. 24-30530, 2025 WL 1276406, at *6 (5th Cir. May 2, 2025)) (internal quotation marks omitted). "Although the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, the United States Court of Appeals for the Fifth Circuit has held that such a motion will be treated as either a motion to 'alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *United States v. Sizemore*, No. 2:04-cr-29-DCB, 2006 WL 1366020, at *1 (S.D. Miss. May 18, 2006) (citation omitted).

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment or order "for reasons such as mistake, newly discovered evidence, fraud, a void judgment, satisfaction or discharge of the judgment, or any other reason justifying relief." *Queen v. Huffman*, No. 5:24-cv-00001-DCB-BWR, 2026 WL 146546, at *3 (S.D. Miss. Jan. 20, 2026) (citing Fed. R. Civ. P. 60(b)).

Abby Robinson has not demonstrated any of the grounds listed in Fed. R. Civ. P. 60(b). Instead, she claims that precluding her from representing the Robinson Law

Firm would violate her constitutional rights. The Court finds Abby Robinson's claims to be without merit. There are no grounds for the Court to modify its previous order.

As stated in the Court's Order [61], because Abby Robinson is suspended from practicing law, she cannot represent the Robinson Law Firm. Corporations, limited liability companies, and associations are fictional legal persons who can only plead and conduct their case through licensed counsel. *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004); *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984); *see also Handshoe v. Perret*, No. 1:15-cv-382-HSO-JCG, 2017 WL 10110911, at *1 (S.D. Miss. Sept. 21, 2017) ("It is well-settled that business associations must be represented by a licensed attorney in order to appear in federal court.").

The Court will allow the Robinson Law Firm one more opportunity to retain substitute counsel and will grant an extension of seven days for retained counsel to enter an appearance on its behalf. The Robinson Law Firm is warned that failure to timely retain counsel and have counsel enter an appearance may result in the dismissal of the Robinson Law Firm from this case.

**IT IS, THEREFORE, ORDERED** that Plaintiff Abby Robinson & Associates Law Firm PLLC is given a deadline of **June 12, 2026,** to have substitute counsel enter an appearance.

**SO ORDERED**, this the 5th day of June, 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE