

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ABBY ROBINSON, et.al**

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 09 2026

**PLAINTIFFS**

BY_____ DEPUTY

**VS.**                    **CIVIL ACTION NO. 3:25-cv-976-KHJ-BWR**

**STATE OF MISSISSIPPI BAR, et.al**                    **DEFENDANTS**

---

**(Filed as a Notice only)**
**PLAINTIFF ABBY ROBINSON NOTICE OF AWARENESS OF
JUNE 12, 2026 DEADLINE,
PRESERVATION OF INDIVIDUAL CONSTITUTIONAL AND RICO
CLAIMS, AND
STATEMENT THAT COMPLIANCE WOULD REQUIRE WAIVER OF
PRESERVED CONSTITUTIONAL RIGHTS**

---

COMES NOW Plaintiff Abby Robinson, individually and as a suspended attorney proceeding pro se, and respectfully submits this Notice to inform the Court that Plaintiff Abby Robinson is aware of the June 12, 2026 deadline set forth in the Court's Order affirming the Magistrate Judge Doc. 61 Order.

Plaintiff further states for the record that compliance with that Order as it applies to Abby Robinson & Associates Law Firm(hereinafter the Firm),co-plaintiff would require the waiver of constitutional rights that are themselves the subject of this litigation, and that Plaintiff Abby Robinson individually preserves all claims,

rights, and arguments set forth herein for appellate review. In support, Plaintiff Abby Robinson states as follows:

1. **PLAINTIFF INDIVIDUALLY MAINTAINS INDEPENDENT STANDING REGARDLESS OF Abby Robinson & Associates Law Firm's(hereinafter, the Firm) PROCEDURAL STATUS**

The constitutional and RICO injuries asserted in this action ran first, directly, and personally to Plaintiff Abby Robinson as an individual licensed attorney, not derivatively through the firm co-plaintiff. Plaintiff Abby Robinson held the law license. The Bar disciplinary proceeding was initiated against Plaintiff Abby Robinson personally. The suspension was imposed on Plaintiff Abby Robinson as the licensee.

2. The law firm subsequent suspension was entirely derivative of Plaintiff Abby Robinson individual suspension because Plaintiff Abby Robinson was the licensee; the firm lost its ability to operate. The causal chain of constitutional harm originates with Plaintiff Abby Robinson as an individual citizen and professional.

3. The Supreme Court has long *recognized that deprivation of a professional license* constitutes a cognizable deprivation of liberty and property interests belonging to the individual licensee. *Board of Regents v. Roth,* 408 U.S. 564, 572-73 (1972); see also *Cleveland Bd. of Educ. v. Loudermill,* 470

1

U.S. 532, 538-39 (1985) (property interest in continued professional employment and licensure is a constitutionally protected interest). These interests are personal to Plaintiff and *cannot be recharacterized as corporate injuries* simply because Plaintiff practiced through a professional entity.

4. Plaintiff Abby Robinson's individual injuries include but are not limited to: (1) deprivation of the right to practice law and earn a livelihood; (2) reputational harm to Plaintiff individually in the legal community and beyond; (3) violation of Plaintiff Abby Robinson's equal protection rights as a citizen subjected to a disciplinary process tainted by Defendant The MS Bar Counsel Jeremy Birdsall and Melissa Scott's conflict of interest; and (4) ongoing chilling of Plaintiff Robinson's constitutional rights to access the courts and pursue **claims against powerful institutional defendants** as claimed in the amended complaint and at the time of injury. Each of these injuries is personal to Plaintiff and *independently sufficient to confer Article III standing regardless* of the law firm's procedural posture in this litigation.

5. **PLAINTIFF ABBY ROBINSON'S RICO STANDING IS PERSONAL, DIRECT, AND SURVIVES ANY CHANGE IN THE LAW FIRM'S STATUS.**

2

6. **Title 18 U.S.C. § 1964(c)** confers a private right of action on any person injured in their *business or property* by reason of a RICO violation. Plaintiff Abby Robinson, individually satisfies this standard.

7. The Fifth Circuit has held that a plaintiff asserting RICO injury must show a direct causal relationship between the predicate acts and the plaintiff's, Abby Robinson  injury  and that directness requirement is most clearly satisfied where, as here,  plaintiff Abby Robinson **is the primary and intended target of the racketeering activity**. See *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993); (recognizing RICO standing where plaintiff was direct target of predicate acts); see also ***Ocean Energy II, Inc. v. Alexander &amp; Alexander, Inc.***, 868 F.2d 740, 742-43 (5th Cir. 1989) (injury to professional business relationships and earning capacity constitutes injury to business or property under *§ 1964(c))*.

8. As such, Plaintiff Abby Robinson's RICO theory is grounded in a ***pattern of racketeering activity directed personally at Plaintiff*** as an individual attorney who was actively litigating against powerful corporate defendants.

9. The predicate acts,  including RICO VIOLATIONS, are all in connection with the disciplinary process and U.S. Constitution violations as claimed in suit, were directed at plaintiff Abby Robinson individually, not at the corporate entity through which Plaintiff Abby Robinson practiced.

10.  The RICO enterprise operated to neutralize Plaintiff Abby Robinson's as a litigating attorney, and seemingly the court's order advances the harm because plaintiff's date of suit is months out from the date of possibly dismissing the Firm in this instant; meaning that the law firm still suffered injuries up until the furtherance of the harm was inflicted.

11.  That injury ran to Plaintiff Abby Robinson  as a person, not merely as a business owner.

12.  Critically, the pattern of racketeering activity that forms the core of Plaintiff Abby Robinson's  RICO claim includes coordinated simultaneous default judgments entered against both co-plaintiffs, and reads identical, please complaints.

13.  This simultaneity is itself evidence of a coordinated enterprise targeting both Plaintiff Abby Robinson individually, and Plaintiff Abby Robinson law firm as instruments of Plaintiff Abby Robinson's legal practice.

14. The elimination of the firm as a co-plaintiff **does not erase** this pattern from the record; the pattern is alleged, documented, and preserved in the Complaint and in the filings of this case regardless of any subsequent change in the firm's litigation posture.

4

15.    The Fifth Circuit has recognized that ***RICO pattern requirement is satisfied*** by demonstrating relatedness and continuity of predicate acts. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). The relatedness of the predicate acts here, all directed at neutralizing Plaintiff Abby Robinson as a litigating attorney **through the weaponization of the Bar disciplinary process**, is unaffected by whether the firm remains a named plaintiff, although the firm was a named plaintiff up until April 27, 2026 with the order from the magistrate judge in this case. Plaintiff Abby Robinson, individually witnessed, suffered, and can testify to the entire pattern.

## 16. COMPLIANCE WITH THE JUNE 12 ORDER WOULD REQUIRE WAIVER OF PRESERVED CONSTITUTIONAL RIGHTS.

17. Plaintiff respectfully notifies the Court that compliance with the Doc. 61 Order as affirmed by this Court, would require Plaintiff to take affirmative **steps that are themselves constitutionally problematic**. Specifically, obtaining substitute counsel for the firm would require: (1) representing to the Court that the law firm's claims can be adequately prosecuted by counsel who was not present for, and did not witness, the constitutional violations at issue; (2) implicitly conceding that the constitutional harm to the firm is severable from the constitutional harm to Plaintiff individually, which it is

not; and (3) waiving the argument preserved for appeal that the order requiring substitute counsel is itself a product of and compounds the due process violation that is the subject of this litigation. See *Gibson v. Berryhill,* 411 U.S. 564, 579 (1973) (due process is violated where the adjudicatory body enforcing professional discipline has a disqualifying interest in the outcome).

18. Plaintiff Robinson is not able to comply with the June 12 deadline for these principled constitutional reasons, and not out of disregard for this Court's orders.

19. Moreover, Plaintiff Robinson expressly preserves all rights related to the Doc.[ 61] Order and this Court's order at Doc.[90] affirmance thereof for review by the United States Court of Appeals including all available appellate remedies at that time when sought.

20. Additionally, The Fifth Circuit has consistently held that a party who makes a timely and clear record of constitutional objection in the district court *preserves those objections in their entirety for appellate review,* and that such preservation is not forfeited by proceeding to final judgment. See *Fierros v. Tex. Dept of Health,* 274 F.3d 187, 193 (5th Cir. 2001) (constitutional objections raised and ruled upon in district court are fully preserved for appellate review); *Guillory v. Domtar Indus. Inc.,* 95 F.3d

6

1320, 1329 (5th Cir. 1996) (party preserves all appellate rights by making clear objection on the record in the district court *regardless of the procedural posture of the case at the time of objection)*.

21. **THE EFFORT TO ELIMINATE THE LAW FIRM, CO-PLAINTIFF IS ITSELF CONSISTENT WITH THE ALLEGED RICO PATTERN**

22.   Plaintiff Robinson, respectfully preserves for the record the observation that the procedural sequence leading to the potential elimination of the firm co-plaintiff, Abby Robinson & Associates Law Firm,  the Doc. [61] Order, its affirmance, and the June 12 deadline ***has the effect of dismantling the very pattern evidence*** that supports Plaintiff Abby Robinson's RICO claims.

23.   Also, that the simultaneous coordinated default judgments against both co-plaintiffs constituted a pattern of racketeering activity targeting both plaintiffs as a unit.  Reducing this litigation to a single plaintiff effectively transforms documented pattern conduct **into a single isolated event (which assist with the cover up by the government actors in bad faith)**, which is precisely what Defendants require to defeat the RICO continuity element. Plaintiff Robinson asserts that this is unconstitutional, in that the statue for non lawyers to represent their firm does not appear to be made by congress so that RICO violators are not subject to the law, this is unfair and violates the equal protection clause, inter alia.

7

24. As a result, Plaintiff Abby Robinson does not suggest that the Court has acted improperly in enforcing well-established rules regarding corporate representation.

25. **Plaintiff does state, for the appellate record, that the practical effect of enforcing those rules in this particular litigation, where the rule's enforcement was first triggered by orders entered in a proceeding that is itself the subject of the RICO and constitutional claims is to provide procedural cover for the elimination of pattern evidence.** This observation is preserved as a component of Plaintiff Robinson and the Firm, up to the date of the order eliminating the firm, appellate record and is not intended as a criticism of this Court, rather a legal proper notice.

## 26. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Abby Robinson respectfully notifies this Court that: (1) Plaintiff Robinson is aware of the June 12, 2026 deadline; (2) Plaintiff **Robinson individually maintains full Article III standing and independent RICO standing** regardless of the law firm's procedural status; (3) compliance with Doc.[ 61] Order would require waiver of constitutional rights preserved for appeal; (4) Plaintiff preserves all rights related to the Doc.[61] Order and its affirmance for appellate review following final judgment, including all available

8

appellate remedies; and (5) the pattern of racketeering activity alleged in this case is fully preserved in the record and survives any change in the law firm's litigation posture.

27. Plaintiff files this *Notice in good faith,* with full awareness of the Court's orders, and *with respect* for this Court's authority, while preserving both Plaintiff Abby Robinson and the law firm's individual constitutional rights and appellate remedies in their entirety.

Respectfully submitted this the 9th day of June, 2026

Plaintiff, Abby Robinson, Pro Se

P.O. Box 14

Jackson, Mississippi 39205

Email: abbybuildings@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned has this day, June 9, 2026 filed the foregoing document with the U.S. Clerk of the Court for this district, and the Clerk will distribute a copy of the filing to all parties involved in this litigation pursuant to the federal rules of civil procedures.

9

Plaintiff, Abby Robinson, Pro Se

P.O. Box 14

Jackson, Mississippi 39205

Email: abbybuildings@yahoo.com

Pro Se 6-9-26

Mississippi State Bar Office of General Counsel,

Melissa Scott, Jeremy Bridsall, and Kathyrn Littell

Defendants

Of counsel the Honorable Wilson Minor

:

10